FIRST NATIONAL BANK OF LUMBERTON v. A. L. McCASKILL AND WIFE.

(Filed 24 October, 1917.)

**Judgments—Evidence—Deeds and Conveyances—Husband and Wife.**

> A judgment rendered in the Federal Court declaring a due from the husband to his wife fraudulent and void as to his creditors, and executed with the fraudulent knowledge of the wife, is one *in rem*, and may be received in evidence in an action brought in the State court by a different creditor attacking the deed upon the same ground, though not conclusive.

APPEAL by plaintiff from *Connor, J.*, at April Term, 1917, of CUMBERLAND.

In February, 1911, the defendant, McCaskill, became indebted to the plaintiff on a note for $1,000 and interest. On default, judgment was obtained at September Term, 1915, of Cumberland, and the execution thereon was returned unsatisfied. By deed, dated 29 July, 1913, McCaskill conveyed to his wife all the property owned by him, which was registered in Cumberland 27 September, 1913. This deed is attacked by the plaintiff as being in fraud of its rights as a creditor of McCaskill at the time of its execution and registration.

After proving the indebtedness to the plaintiff as alleged in the complaint, the plaintiff introduced the record of a judgment obtained in

the U. S. District Court in the Eastern District of North Carolina by the Citizens Bank of Norfolk, Va., against said McCaskill, showing service of summons on 13 September, 1913, and that judgment was rendered for the sum of $10,000. It was two weeks thereafter that the alleged fraudulent deed was filed for registration. It was in evidence that said deed covered all the lands McCaskill owned. In addition to unsecured debts, it was shown that McCaskill was also indebted to the Jefferson Standard Life Insurance Company and others in mortgages aggregating about $14,000.

On the issue of fraud in said deed, and also to prove knowledge of its fraudulent character by the *feme defendant,* the plaintiff put in evidence, in proof of its allegation in the complaint, a certified copy of the record in the Federal Court in the above suit entitled *Citizens Bank of Norfolk, Va., v. A. L. McCaskill and his wife* (these defendants), wherein that Court (*H. G. Connor, Judge*), after full hearing and argument by counsel on both sides, entered a decree that the deed in dispute "was executed by the defendant McCaskill for the purpose and with the intent of hindering and delaying and defeating" the plaintiff therein in the collection of its judgment of $10,000; and further, "That the defendant Nancy McCaskill, the grantee in said deed, knew of the said purpose and intent of the defendant A. L. McCaskill." It was further adjudged in said decree that said deed was "null and void and of no effect" as against the Norfolk bank. There was also an order in that suit, duly recorded in the office of the register of deeds of Cumberland, directing him to make an entry to the effect that such deed had been declared null and void, and was therefore canceled. A certified copy thereof has also been filed in the office of the clerk of the Superior Court of Cumberland, together with a full transcript of the record in the Federal Court. The judge below sustained the defendant's objection to this evidence, and the plaintiff excepted.

*Rose & Rose for plaintiff.*
*Sinclair, Dye & Ray for defendants.*

CLARK, C. J., after stating the case: The general rule that judgments are binding only on parties and privies is subject to several exceptions, and especially where the judgment is *in rem.* Greenleaf Ev. (Lewis Ed.), sec. 525, p. 823; Bigelow on Estoppel (5 Ed.), 221, 229.

In *Ennis v. Smith,* 14 Howard (U. S.), 400, in which the will of General Kosciusko and the genealogy of his family were in question, the United States Supreme Court held: "The documentary proof in this cause from the Orphan's Court, of the genealogy of the Kosciusko family and of the collateral relationship of the persons entitled to a decree, and

also of the wills of General Kosciusko, are properly in evidence in this suit. The record from Grodno is judicial; not a judgment *inter partes,* but a foreign judgment *in rem,* which is evidence of the facts adjudicated against all the world."

It may be of interest to note, in passing, that Kosciusko was the famous Polish patriot who, coming to this country in our Revolution, became adjutant on Washington's staff, and at the end of the war was made a brigadier-general and voted a donation of land by Congress. In 1793 he became general in chief of the Poles in their war against Russia, Austria, and Prussia at the second partition of their unfortunate country. His statue stands on the square opposite the White House at Washington.

In line with these principles of law, this Court held, in *Latham v. Wiswall,* 37 N. C., 294, that a decree for the sale of the estate of a lunatic for the payment of debts was a decree *in rem,* and creditors are bound by it though not parties to the proceeding.

In *Bank v. Comrs.,* 116 N. C., 339, it was held that a decree in a suit by *R. R. Co. v. the Town of Oxford,* on the validity of a bond issue, was binding on the commissioners in a subsequent suit against them by the holder of certain of these bonds though the parties to the second suit were not those in the first suit. In *Sly v. Hunt* (Mass.), 21 L. R. A., 680, it was held that a probate of a contested will is conclusive as against the world.

The decree of the Federal Court adjudging that this identical conveyance was made by the defendant in fraud of creditors is competent evidence, though not conclusive. A judgment is, so to speak, a *quasi* admission on the part of the party against whom it is rendered. It is at least evidence against him which it is encumbent upon him to rebut. It would not be competent for him if the judgment was in his favor, as the plaintiff was not a party to that action; but it is evidence against the defendant. Such judgment cannot be pleaded as an estoppel, nor is it conclusive against the defendant. But this judgment, being *in rem,* is evidence just as a judgment of a criminal offense could be so used.

*In re Skinner,* 97 Fed., 190, held that a judgment rendered by a State Court in which the bankrupt, his wife, and the trustee, were all parties, finding that a conveyance by the bankrupt to his wife was fraudulent as to creditors and should be set aside, was conclusive evidence to that effect in the bankrupt Court on an application for his discharge, which was opposed by creditors on the ground that such conveyance was a concealment of assets.

The deed declared void as to one creditor is void as to all the creditors then existing. *Hoke v. Henderson,* 14 N. C., 12, which is quoted in *Clement v. Cozart,* 112 N. C., 412, which holds that "A voluntary con-

veyance where the grantor did not at the time of the grant retain property fully sufficient and available for the satisfaction of his then creditors is fraudulent in law as to existing creditors. And if such conveyance shall be declared void at the suit of an existing creditor, all creditors—those existing at the execution of the conveyance and all subsequent creditors—will be entitled to come in and participate in the fund arising from a sale of the property, subject to priorities and to the maxim *vigilantibus non dormicntibus leges subvenient.*" To same purport, 1 Moore on Fraudulent Conveyance, 70 and 2 Do. 575.

In *Sibley v. Stacey,* 53 W. Va., 292, it was held that a decree adjudging a conveyance fraudulent and void as to one creditor inures to the benefit of all other creditors in the same class. In *Curlee v. Rembert,* 37 S. C., 214, it was held that a conveyance cannot be void as to one creditor and valid as to another creditor in the same class. In *Savage v. Knight,* 92 N. C., 493, it was held that "a deed fraudulent and void as to one creditor is void as to all." To the same purport, *Eppright v. Kauffman,* 90 Mo., 25.

"A record may also be admitted in evidence in favor of a stranger, *against* one of the parties, as containing a solemn admission or judicial declaration by such party in regard to a certain fact." Greenleaf Ev. (Lewis Ed.), sec. 527a, p. 825.

In 11 A. & E. (2 Ed.), 391, it is said: "Where there is jurisdiction of the person and the subject-matter, and the judgment is not the result of fraud and collusion between the parties to it, and the record is material only to establish the fact of such judgment and *those legal consequences which result from that fact,* the record must be regarded as conclusive even as to strangers. The object of this rule is to give stability and security to judgments, decrees, and sentences when made by courts having jurisdiction of the person and the subject-matter, and they are, therefore, founded on and supported by a sound public policy which admits an inflexible adherence to them."

In excluding this evidence there was

Error.

HOKE and ALLEN, JJ., dissenting.