D. R. CURRENT, ADMINISTRATOR OF THE ESTATE OF BLONDINE CURRENT, v. CLEVE WEBB, GENERAL MOTORS SALES CORPORATION, AND JOHN BAXTER HILLIARD.

(Filed 26 November, 1941.)

**1. Judgments § 30—**

A judgment determining the existence of a material fact in controversy is conclusive upon the parties and their privies as to such fact whenever it is material in a subsequent action between them, regardless of whether the subject matter of the action is the same or not.

**2. Same—**

The doctrine of *res judicata* applies regardless of whether the prior judgment was rendered by the same court or was rendered by the Superior Court of another county.

**3. Judgments § 29—**

A judgment *in rem* is conclusive not only upon the parties and their privies but, under the maxim *res judicata pro veritate accipitur*, is also conclusive upon those having an interest in the subject matter.

**4. Judgments §§ 29, 30—Judgment that defendant is nonresident and under sec. 4, ch. 217, Public Laws 1937, was exempt from service, held conclusive in a subsequent action by another party injured in same collision.**

In an action against the driver of a car upon whom service of summons was had while he was in the State in obedience to a summons from a coroner to testify at an inquest, motion to vacate the service was allowed upon the court's finding from the evidence that defendant is a nonresident and that therefore he was exempt from service of process in connection with matters which arose before his entrance into the State in obedience to the coroner's summons. Sec. 4, ch. 217, Public Laws 1937. In a subsequent action arising out of the same collision, brought in another county of this State by the administrator of a party killed in the collision, service was had upon the defendant at the same time and in the same manner. *Held:* The prior adjudication that defendant is a nonresident and was exempt from service under the statute is in the nature of a judgment *in rem* and is *res judicata* as to the status and residence of the defendant, and is binding upon the administrator under the maxim *res judicata pro veritate accipitur*, and the holding of the court in the second action upon substantially the same evidence that defendant is a resident of this State ·and that the service of summons on him was valid must be reversed on appeal even though supported by evidence.

**5. Judgments § 35—When appeals from separate judgments are heard together and first judgment is conclusive upon parties in second action, Supreme Court will apply doctrine of res judicata.**

In a suit in which defendant was served with summons while in this State in obedience to a coroner's summons, motion to set aside the service was granted upon the court's adjudication that defendant is a nonresident and was exempt from the service of process under the provisions of sec. 4, ch. 217, Public Laws 1937, which judgment was affirmed on appeal. In another action growing out of the same collision instituted in another county, the court found upon substantially identical evidence that defendant is a resident of this State and that the service of process in the same manner and at the same time was valid. The defendant failed to call to the court's attention the prior adjudication that he is a nonresident. Both appeals were argued together in the Supreme Court. *Held:* In the appeal in the second action the Supreme Court will apply the doctrine of *res judicata* in determining all factors presented by the record, it not being required that the previous adjudication should have been formally pleaded at this stage of the proceeding.

APPEAL by defendant Cleve Webb from *Nettles, J.,* at August Term, 1941, of GASTON. Reversed.

Motion to vacate purported service of summons upon defendant Cleve Webb. From judgment denying the motion, defendant Webb appealed.

---

*H. B. Gaston and Cherry & Hollowell for plaintiff, appellee.*
*Helms & Mulliss for defendant Cleve Webb, appellant.*

DEVIN, J.  This appeal presents the question of the validity of the service of process upon defendant Cleve Webb, the same person referred to in *Bangle v. Webb, ante,* 423, where, upon substantially the same evidence, a ruling as to his amenability to service under the same circumstances was considered and determined.

These two cases are companion cases and were argued together in this Court.  They arose out of the same transaction.  Both plaintiff's intestate and the plaintiff in the *Bangle case, supra,* were injured at the same time and place, while passengers in an automobile driven by defendant Webb.  The same acts of negligence on the part of Webb and others are alleged.  In each case damages are sought against the same defendants for the same tort.  Both the motions for quashal of the purported service of summons on defendant Webb, and the facts underlying, are practically identical in the two cases.  The service in both cases was made by the same officer at the same time.

In the *Bangle case, supra,* substantially the same evidence as in the instant case was presented to Judge Armstrong, who found the facts to be that at the time of the attempted service of process on defendant Webb he was a resident of the State of Georgia and had come into North Carolina in obedience to a summons from the coroner of Mecklenburg to attend and testify at an inquest, and that therefore under the statute (sec. 4, ch. 217, Public Laws 1937) he was exempt from service of process in connection with matters which arose before his entrance into the State under the summons.  Judge Armstrong adjudged that the purported service was invalid and dismissed the action as to defendant Webb.  This judgment was entered 29 May, 1941, and upon appeal has been affirmed by this Court.

Subsequently, at the August Term, 1941, of Gaston Superior Court, from substantially the same evidence, Judge Nettles found the facts to be that the defendant Cleve Webb was a resident of North Carolina at the time of service of process, and that he was not exempt from service under the statute referred to.  Judgment was entered accordingly holding the service valid.

Thus it appears that at the time Judge Nettles made his ruling there was a previous judgment of the Superior Court, now affirmed on appeal, declaring that service on defendant Cleve Webb at the same time and place and under identical circumstances, growing out of the same transaction, was invalid because he was a nonresident of North Carolina and had come into the State in obedience to a subpœna to testify as a witness.

We are constrained to hold that while there was evidence tending to support the ruling of Judge Nettles, the facts determined by the previous

judgment in the *Bangle case, supra,* had become *res judicata.* The status and residence of the defendant Cleve Webb had become judicially established. His exemption from service of process, at the time and place attempted, had been determined by a competent court. *Harshaw v. Harshaw, ante,* 145. The application of the rule that a judgment determining the existence of a fact is conclusive upon parties and privies is not necessarily precluded by showing that the judgment was rendered by a court in another county, or that the parties are not in all respects identical. "There is no doubt that a final judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court." 2 Freeman on Judgments, sec. 670. "It is not necessary that precisely the same parties were plaintiffs and defendants in the two suits; provided the same subject in controversy, between two or more of the parties, plaintiffs and defendants in the two suits respectively, has been in the former suit directly in issue, and decided." *S. v. Continental Coal Co.,* 117 W. Va., 447, 186 S. E., 119; *Wright v. Schick,* 134 Ohio St., 193, 121 A. L. R., 890; 30 Am. Jur., 955; *Bank v. McCaskill,* 174 N. C., 362, 93 S. E., 905; *Bank v. Comrs.,* 116 N. C., 339, 21 S. E., 410; *Leary v. Land Bank,* 215 N. C., 501, 2 S. E. (2d), 570.

The judgment in the *Bangle case, supra,* was rendered upon the same preliminary motion as in this case. This motion squarely presented for adjudication the status of defendant Webb, whether a resident of Georgia or of North Carolina, whether exempt from the service of process under the statute, or not. Thus the judgment was in the nature of a judgment *in rem,* by a court having jurisdiction not only of the parties and of the cause of action, but also of the *res*—the power and duty to determine the particular fact presented for adjudication. This fact the court conclusively established in that case. Its judgment as to that fact was binding upon the parties to that suit and upon all those having an interest in the subject matter of the motion, under the maxim *res judicata pro veritate accipitur.* Herman on Estoppel and Res Judicata, ch. 5; *Tart v. Western Maryland R. Co.,* 289 U. S., 620 (624).

While the previous adjudication in the *Bangle case, supra,* of the question raised by the motion in this case does not appear to have been called to the attention of the court below, both cases have been brought to this Court and are now before us, and the proper disposition of the appeal requires consideration of all the determinative factors presented by the record. The propriety of this view, in this case, further appears from the fact that two able judges of the Superior Court have reached

different conclusions as to the validity of the purported service on defendant Webb, from substantially the same evidence. It was not required, at this stage of the proceedings and upon a motion to vacate purported service of process, that a previous adjudication of the determinative fact of defendant's exemption from service' under the statute should have been formally pleaded. *Krekeler v. Ritter,* 62 N. Y., 372, 88 A. L. R., 577.

We are of opinion that the previous judgment established the status of defendant Webb as a nonresident and exempt from service under the statute, and that this must be held controlling upon the subsequent ruling upon the same question.

It follows that the judgment of Judge Nettles must be
Reversed.