T. A. LOVING COMPANY v. JAMES F. LATHAM, BILL PRICE, M.
GLENN PICKARD AND HUGH M. CUMMINGS III, INDIVID-
UALLY, AND TRADING AS HOLLY HILL REALTY, A PARTNERSHIP;
AND THE WESTERN CORPORATION, ET AL

No. 7215SC144

(Filed 2 August 1972)

**Judgments § 37— summary judgment based on judicial admissions — mat-
ters concluded**

In an action by a general contractor against the owners of a
shopping center wherein subcontractors who furnished materials and
labor in construction of the shopping center were made additional
parties defendant, an order of summary judgment dismissing the
action as to the subcontractors on the basis of their judicial admis-
sions that they had been paid in full by the general contractor and
had no claim against either the general contractor or the owners,
although entered in favor of the subcontractors, was binding on them
and effectively foreclosed them from asserting in the future any
claims against the owners arising out of the matters alleged in the
pleadings.

APPEAL by original defendants from *Hobgood, Judge,* 13
September 1971 Session of Superior Court held in ALAMANCE
County.

Plaintiff, a general contractor, brought this action against
the original defendants, James F. Latham, Bill Price, M. Glenn
Pickard and Hugh M. Cummings III, individually and as part-
ners in a real estate partnership trading under the name Holly
Hill Realty, and The Western Corporation, seeking recovery
of $1,582,276.28 with interest from 25 September 1970, which
plaintiff alleged was the balance owed to it by said original de-
fendants by contract under which plaintiff constructed a large
shopping center known as Holly Hill Mall on real property
of defendants at Burlington, N. C. Plaintiff also seeks to en-
force a lien against the property under G.S. 44A-13 and 14.
The original defendants answered, setting up various defenses,
and alleging counterclaims totaling $1,726,445.23. On the same
date the answer was filed, the original defendants filed a mo-
tion under Rule 19(b) of the Rules of Civil Procedure praying

the court that all subcontractors of the plaintiff be made additional parties defendant and be required "to assert any claims they have against the plaintiff which they contend to be a lien against either the property or funds of defendants." On this motion an order was entered making thirty-eight named subcontractors additional parties defendant, directing that summons, copy of the complaint and answer, and copy of the order be served on each of them, and providing

"[t]hat such additional party defendants be, and they hereby are, granted thirty (30) days from date of such service in which to assert any claim they have against the plaintiff which they claim to be a lien against the property or funds of the defendants, or any of them."

In response to this order, sixteen of the named additional parties defendant, who are the appellees on this appeal, responded by filing answers, motions to dismiss, or motions for summary judgment supported by affidavit (or some combination of these), in which they asserted that they had been paid in full by the plaintiff, the general contractor, for all work done or materials furnished by them, and alleged that they had no claim against either the plaintiff or against any of the original defendants. The matter came on for hearing before Judge Hobgood, who entered an order containing the following:

"[I]t appearing to the Court that the additional defendants named below have filed answer, motion to dismiss, motion for summary judgment, affidavits with motion for summary judgment (the Court finding as a fact and holding as a matter of law that such affidavits constitute answers and judicial admissions) or other pleadings of similar import, all of said pleadings denying any claim against any other party to this litigation;

"And the Court finding as a fact from the pleadings and attachments thereto filed by the individual defendants named below, as well as from representations made by counsel in open Court, that none of the additional defendants named below have or assert any claim against Holly Hill Mall Shopping Center, T. A. Loving Company; Holly Hill Realty; The Western Corporation, or any other person, firm or corporation arising out of matters and things alleged in the pleadings;

"That upon the foregoing facts and the law the original defendants have shown no right to relief against these

additional defendants and there is no genuine issue as to a material fact with respect to these additional defendants, the additional defendants set forth below are entitled to a judgment of dismissal with prejudice as a matter of law, and it is so ORDERED and ADJUDGED."

The order then named the sixteen additional parties defendant to which it is applicable. To the entry of this order, the original defendants excepted and appealed.

*Latham, Pickard & Ennis by Spencer Ennis; and Dalton & Long by W. R. Dalton, Jr., for original defendants, appellants.*

*Sanders, Holt & Spencer by James C. Spencer, Jr., for additional defendants, Owen Steel Company, Inc., and A. B. Whitley, Inc., appellees.*

*Wardlow, Knox, Caudle & Knox by Lloyd C. Caudle for additional defendants, Rayson Company and Florida Steel Company, Inc., appellees.*

*Robert N. Robinson for additional defendant, General Specialties Co., Inc., appellee.*

*Yarborough, Blanchard, Tucker & Denson by Irvin B. Tucker, Jr., for additional defendant, Partitions, Inc., appellee.*

*Haywood, Denny & Miller by Emery B. Denny, Jr., for additional defendants, James A. Smith & Son, and S. H. Basnight & Sons, appellees.*

*Brown, Brown & Brown by R. L. Brown, Jr., for additional defendant, Overdoors of the Carolinas, Inc., appellee.*

*Taylor, Allen, Warren & Kerr by W. Frank Taylor for additional defendants, W. H. Best & Sons, Inc., and Dewey Bros., Inc., appellees.*

*Adams, Kleemeier, Hagan, Hannah & Fouts by Clinton Eudy, Jr., for additional defendant, W. H. Sullivan Company, appellee.*

*Allen, Allen & Sternberg by Louis C. Allen, Jr., for additional defendants, Richard A. Robertson t/a Richard A. Robertson, Masonry Contractor, and Overman Cabinet and Supply Co., appellees.*

*Falk, Carruthers & Roth by Herbert S. Falk, Jr., for additional defendant, Greensboro Concrete & Construction Co., Inc., appellee.*

PARKER, Judge.

Appellants contend they are entitled to have the disclaimers of appellees made "irrevocable, permanent, and binding," and that the order appealed from does not have this effect. They reason that the order is in favor of appellees, not against them, and from this somehow arrive at the conclusion that appellees are left free in the future to assert possible claims against them. We agree neither with appellants' reasoning nor with their conclusion.

While Judge Hobgood's order is in favor of appellees in the sense that it was entered in response to their motions made to obtain relief from the unwanted burden of continued participation in someone else's expensive lawsuit, it was nevertheless entirely binding upon them and effectively foreclosed them from asserting in the future any claims against appellants arising out of matters alleged in the pleadings. The order was based on appellees' solemn judicial admissions that they had no such claims. These judicial admissions are binding on appellees, Stansbury, N. C. Evidence 2d, § 116, p. 423, and established that no genuine issue as to any material fact existed insofar as the rights as between appellees and all other parties to the litigation are concerned. As a matter of law, appellees became entitled to an order freeing them from continued involvement, even peripherally, in litigation which promises to be lengthy and expensive and in which they can have no possible interest. Summary judgment granting them this relief was therefore proper. At the same time, the order appealed from adequately protects appellants from the possibility that any appellee might successfully assert against them in the future any claim which such appellee judicially admitted in the trial court and on this appeal continues strenuously to contend it does not have. Based on appellees' admissions, Judge Hobgood found as a fact that none of the appellees has any such claim. This determination was all that appellants were entitled to receive insofar as any rights which they may have against appellees are concerned, and such determination will continue to be binding.

"Matters determined by a summary judgment, just as by any other judgment, are res judicata in a subsequent action." Vol. 3, Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, § 1246, p. 211.

The order appealed from is

Affirmed.

Chief Judge MALLARD and Judge MORRIS concur.