WALTER G. BAUM v. CAROLISTA FLETCHER GOLDEN

No. 8615SC283

(Filed 4 November 1986)

**Husband and Wife § 11.1; Judgments § 37.3— provisions of separation agreement —prior action—no res judicata**

Where a judgment was obtained against plaintiff for the cost of jewelry and stones supplied to plaintiff and defendant in a jewelry business which they maintained while married, and plaintiff then brought this action for indem-

nification from defendant on the ground that the parties' separation agreement provided that defendant would satisfy the debt for the merchandise, a prior action between the parties involving enforcement of the separation agreement was not res judicata in this indemnification action, since defendant brought the prior action to enforce a provision of the separation agreement pertaining to real property; plaintiff answered defendant's complaint averring as an affirmative defense that defendant had breached the agreement by refusing to discharge the indebtedness to the jewelry supplier and he therefore should be relieved of his obligation to perform under the separation agreement; and plaintiff's claim for indemnification due to the judgment obtained against him was not put in issue.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 4 December 1985 in Superior Court, ORANGE County. Heard in the Court of Appeals 22 August 1986.

Plaintiff, Walter Baum (hereinafter Mr. Baum), and defendant, Carolista Fletcher Golden (hereinafter Ms. Golden), were formerly married. During their marriage the parties operated a jewelry business in Chapel Hill, North Carolina, known as "Carolista Jewelry Designers" and a jewelry business located in Dare County, North Carolina, known as "Baum Jewelry Company." In the course of their business Ralph Burke Dawson delivered jewels, on consignment, to the parties at their places of business. On 13 June 1980, the parties entered into a contract of separation. In pertinent part paragraph 16 of the contract of separation provided the following:

> The wife shall be fully responsible for the business indebtedness to RALPH BURKE DAWSON and this account shall be satisfied in full at the discretion of the said RALPH BURKE DAWSON.

On 15 December 1980, Ms. Golden instituted a separate action against Mr. Baum in Dare County seeking specific performance of a provision in the contract of separation regarding real property (80CVS324). Mr. Baum answered Ms. Golden's complaint and averred, *inter alia*, as an affirmative defense, that Ms. Golden had breached paragraph 16 of the separation agreement by refusing to discharge the indebtedness owed to Ralph Burke Dawson (80CVS324). Case number 80CVS324 was submitted to a jury. When case number 80CVS324 was submitted to the jury one of the issues submitted was as follows:

Did Plaintiff [defendant herein], Carolista Fletcher, breach the separation agreement dated June 13, 1980?

The jury answered this issue affirmatively and even though there was no counterclaim filed by Mr. Baum the jury awarded him one dollar ($1.00) in damages. Ms. Golden was also awarded one dollar ($1.00) in damages but this award was set aside by the court and replaced with a $750.00 award for her damages. This judgment was entered 1 December 1983. During the time of the aforementioned litigation, on 7 April 1982, Ralph Burke Dawson filed a complaint against Mr. Baum and Ms. Golden. (82CVS307). Mr. Dawson averred in his complaint, *inter alia*, that Mr. Baum and Ms. Golden were in breach of their consignment agreement with him. Mr. Baum answered Mr. Dawson's complaint and asserted a cross-claim against Ms. Golden. Subsequent thereto, Mr. Baum amended his answer, filed a third-party complaint against Ms. Golden and pleaded in pertinent part that Ms. Golden breached paragraph 16 of the contract of separation. On 27 July 1983, Mr. Baum's third-party complaint was dismissed without prejudice for insufficiency of process. On 29 July 1983, Mr. Baum refiled his third-party complaint. Mr. Baum was allowed a voluntary dismissal without prejudice and refiled his third-party complaint on 12 February 1984. Service of process was never obtained upon Ms. Golden in the Dawson action (82CVS307). On 17 July 1984, Mr. Dawson obtained a judgment of $14,974.00 against Mr. Baum and the court allowed Mr. Baum to voluntarily dismiss, without prejudice, his third-party complaint (82CVS307).

On 12 February 1985, Mr. Baum filed this action against Ms. Golden. Mr. Baum averred, *inter alia*, the following:

VIII. That in the action entitled Ralph Burke Dawson, Plaintiff v. Walter G. Baum, Defendant 82CVS307, Orange County, North Carolina, Ralph Burke Dawson obtained a judgment against Walter G. Baum on July 17, 1984 in the amount of $14,974.00 for the value of the stones and jewelry described in Exhibit A.

Mr. Baum claimed that he was entitled to indemnification from Ms. Golden. On 15 April 1985, Ms. Golden answered Mr. Baum's complaint and pleaded "the Judgment [80CVS324] as res judicata and collateral estoppel on the issue of Plaintiffs breach." On 4 November 1985, Ms. Golden filed a motion for summary judg-

ment. On 4 December 1985, the court granted Ms. Golden's motion for summary judgment. Mr. Baum appeals.

*Northern, Blue, Little, Rooks, Thibaut & Anderson, by David M. Rooks, for plaintiff appellant.*

*Faison, Brown, Fletcher & Brough, by O. William Faison and John E. Tate, Jr., for defendant appellee.*

JOHNSON, Judge.

The sole issue on appeal is whether the judgment in 80CVS324 may be pled as *res judicata* and bar plaintiff's claim for relief such that defendant was entitled to a judgment as a matter of law. We hold that the forecast of the evidence that would have been submitted does not entitle defendant to a judgment as a matter of law.

In pertinent part, Rule 56(c), N.C. Rules Civ. P., allows the court to grant summary judgment as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

Rule 56(c), N.C. Rules Civ. P. Summary judgment is a drastic remedy. *See First Federal Savings & Loan Assn. v. Branch Banking & Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972). The purpose of allowing summary judgment is to defeat attempts to use formal pleadings to delay recovery of just demands. *See Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). Bearing these principles in mind, we now review the propriety of the court's order allowing defendant's motion for summary judgment.

The principles of *res judicata* and collateral estoppel are distinctly different and the distinction is recognized by North Carolina courts. *See J. T. McTeer Clothing Co. v. Hay*, 163 N.C. 495, 79 S.E. 955 (1913). *Res judicata* is a principle of claim preclusion and collateral estoppel is a principle of issue preclusion. The North Carolina Supreme Court has stated the following:

*Res judicata* deals with the effect of a former judgment in favor of a party upon a subsequent attempt by the other party to relitigate the same cause of action.

*King v. Grindstaff*, 284 N.C. 348, 355, 200 S.E. 2d 799, 804 (1973). The Court in *King, supra,* relied upon its prior reasoning in *Masters v. Dunstan*, 256 N.C. 520, 124 S.E. 2d 574 (1962), wherein the Court set forth the following:

> 'It is fundamental that a final judgment rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions *and facts in issue,* as to the parties and privies, in all other actions involving the same matter.' *Bryant v. Shields*, 220 N.C. 628, 18 S.E. 2d 157. '. . . [sic] *(W)hen a fact has been agreed upon, or decided in a court of record,* neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed.' *Humphrey v. Faison*, 247 N.C. 127, 100 S.E. 2d 524, citing and quoting *Armfield v. Moore*, 44 N.C. 157.

*Dunstan, supra,* at 523-24, 124 S.E. 2d at 576 (emphasis supplied). In *Cannon v. Cannon*, 223 N.C. 664, 28 S.E. 2d 240, 243 (1943), the Court succinctly stated the following about the dispositive rule of law in the case *sub judice*:

> [T]he fundamental principle that in order to support the plea of res judicata, *the fact or facts* — whether called 'subject matter' or otherwise designated — necessary to support relief or recovery in the second or subsequent action *must have been definitely comprehended in the issues* and judgment in the prior action, *and must have been put in issue* when an opportunity was afforded him to do so *in order to render the prior judgment determinative or effective as res judicata.*

*Id.* at 670, 28 S.E. 2d at 243 (emphasis supplied). The doctrine of *res judicata* must be strictly applied. *Id.*

The doctrine of collateral estoppel has been described as follows:

> Under a companion principle of *res judicata,* collateral estoppel by judgment, parties and parties in privity with them — even in unrelated causes of action — are *precluded from retry-*

*ing fully litigated issues* that were decided in any prior determination and were necessary to the prior determination. *King, supra,* at 356, 200 S.E. 2d at 805.

In the case *sub judice* plaintiff's complaint alleged, *inter alia,* as set forth *supra,* that Ralph Burke Dawson had obtained on 17 July 1984 a judgment (82CVS307) against him in the amount of $14,974.00. Plaintiff's first claim for relief was that defendant breached the contract of separation by failing to satisfy the obligation owed to Ralph Burke Dawson and therefore he was "entitled to *indemnification* from defendant" (emphasis supplied). In the prior action (80CVS324), which Ms. Golden pleads as *res judicata,* Mr. Baum, in his answer, merely pleaded as an affirmative defense that Ms. Golden had breached the parties' contract of separation by refusal to discharge the indebtedness to Ralph Burke Dawson and that due to this failure of consideration he should be relieved of his obligation to perform under the separation agreement. Plaintiff's claim for relief based on indemnification, due to the judgment (80CVS324) obtained against him, was not put in issue. We have reviewed the record on appeal and have surmised that there was testimony adduced with respect to the indebtedness to Ralph Burke Dawson. However, plaintiff's claim for relief and the forecast of the evidence in the case *sub judice,* with respect to the loss suffered by plaintiff are distinctly different from the facts adduced in the prior action (80CVS324). The jury's affirmative answer to the issue, pertinent to the case *sub judice,* does not preclude defendant from being held liable pursuant to paragraph 16 of the parties' contract of separation. It was reversible error for the trial court to rule that defendant was entitled to a judgment as a matter of law. For the aforementioned reasons, the judgment is

Reversed.

Judges EAGLES and COZORT concur.