GLORIA ANN EVANS v. JUDITH R. COWAN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS DIRECTOR OF STUDENT HEALTH SERVICES, UNC-CH; BRUCE VUKOSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE AFTERHOURS PROGRAM AT STUDENT HEALTH SERVICES, UNC-CH; AND JANE M. HOGAN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS ASSOCIATE DIRECTOR OF STUDENT HEALTH SERVICES, UNC-CH

No. COA95-700

(Filed 2 April 1996)

**Judgments § 215 (NCI4th)— state and federal constitutional claims not identical—prior federal trial—dismissal of state claims based on res judicata error**

Though both the North Carolina and United States Constitutions contain similar provisions proclaiming certain principles of liberty, the state courts, when construing provisions of the North Carolina Constitution, are not bound by opinions of the federal courts construing even identical provisions in the United States Constitution; therefore, free speech and due process claims asserted by plaintiff in the state court on the basis of the North Carolina Constitution were not identical to free speech and due process claims asserted by plaintiff in the federal court on the basis of the United States Constitution, and dismissal of her state claims on the basis of *res judicata* was error.

**Am Jur 2d, Judgments§ 523.**

**Collateral estoppel effect, in federal court, of judgment resting on independent grounds. 29 ALR Fed. 764.**

**Res judicata effect of judgment in class action upon subsequent action in federal court. 48 ALR Fed. 675.**

**Federal or state law as governing in matters of res judicata and collateral estoppel in Federal Tort Claims Act. suit. 49 ALR Fed. 326.**

Appeal by plaintiff from order entered 7 March 1995 in Orange County Superior Court by Judge Donald W. Stephens. Heard in the Court of Appeals 1 March 1996.

*McSurely & Dorosin, by Alan McSurely and Mark Dorosin, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Thomas J. Ziko and Associate Attorney General Celia Grasty Jones, for defendant-appellees.*

GREENE, Judge.

Gloria Ann Evans (plaintiff) appeals an order granting Judith R. Cowan's, Bruce Vukoson's, and Jane M. Hogan's (defendants) motion for summary judgment on plaintiff's claim that the defendants violated her rights under the North Carolina Constitution.

The undisputed facts are that the plaintiff was employed on 9 April 1990 as the Associate Director of AfterHours for the University of North Carolina at Chapel Hill Student Health Services. She was discharged on 6 May 1992 because she was unable to meet the medical credentials required for the position. The medical credentials required that she have a supervising physician willing to sign her annual application to the Board of Medical Examiners (Board). Dr. Bruce Vukoson (Vukoson), her supervising physician, notified the Board that on 1 January 1992 he would no longer be the plaintiff's supervising physician. The UNC-CH Student Health Services active medical staff passed a resolution on 14 November 1991 which in effect prevented any physician other than Vukoson from being plaintiff's supervising physician.

A pre-termination hearing was held on 24 April 1992, and plaintiff appealed her termination "through the highest level available to an employee with her amount of seniority." The University determined that Vukoson did not act improperly in removing plaintiff from her license, and plaintiff's discharge was upheld.

Plaintiff filed her complaint in Orange County Superior Court (State Court), alleging violation of her constitutional rights under the First and Fourteenth Amendments of the United States Constitution and Article 1, Sections 14 and 19 of the North Carolina Constitution, and slander. The action was removed to the United States District Court for the Middle District of North Carolina (Federal Court). In the Federal Court, the defendants moved for summary judgment. The

EVANS v. COWAN

[122 N.C. App. 181 (1996)]

Federal Court granted summary judgment for defendants as to all but the state constitutional claims against defendants in their official capacities, which were remanded to the State Court.

On remand to the State Court, defendants moved for summary judgment on plaintiff's state constitutional claims. The State Court found "that the doctrine of res judicata bars the Plaintiff from litigating in this court her state constitutional claims" because

the evidence and allegations of state constitutional violation claims are identical to the federal claims upon which the Plaintiff did not prevail in federal court. The Plaintiff had a full and fair opportunity to litigate these issues and claims in federal court which resulted in a determination that the evidence was insufficient to sustain any such claims as a matter of law.

The issue is whether plaintiff's state constitutional claims against defendants are barred by *res judicata*.

"The essential elements of *res judicata* are: '(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.'" *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 135, 337 S.E.2d 477, 482 (1985) (quoting *Hogan v. Cone Mills Corp.*, 63 N.C. App. 439, 442, 305 S.E.2d 213, 215 (1983)). In this case there is no dispute that there has been a final judgment on the merits in an earlier suit (summary judgment for the defendants in the Federal Court),[1] and an identity of parties in the Federal Court suit and the suit before the State Court. The only question is whether there is an identity of the causes of action in the suit before the Federal Court and the State Court. The defendants argue that "the state free speech and due process claims and issues are identical to the federal free speech and due process claims and issues." The plaintiff argues that the claims are not the same. We agree with the plaintiff.

It is true that both the North Carolina Constitution and the United States Constitution contain similar provisions proclaiming certain principles of liberty. John V. Orth, *The North Carolina State Constitution* 38 (1993). Our courts, however, when construing provisions of the North Carolina Constitution, are *not* bound by opinions

---

1. A cause of action determined by an order for summary judgment is a final judgment on the merits. *Loving Co. v. Latham*, 15 N.C. App. 441, 444, 190 S.E.2d 248, 250 (1972).

of the federal courts "construing even identical provisions in the Constitution of the United States." *State v. Petersilie*, 334 N.C. 169, 184, 432 S.E.2d 832, 841 (1993) (construing Article I, Section 14); *Gaston Bd. of Realtors v. Harrison*, 64 N.C. App. 29, 33, 306 S.E.2d 809, 812 (1983) (construing Article I, Section 19), *rev'd on other grounds*, 311 N.C. 230, 316 S.E.2d 59 (1984). Even where two provisions are identical, "we have the authority to construe our own constitution differently from the construction by the United States Supreme Court of the Federal Constitution, as long as our citizens are thereby afforded no lesser rights than they are guaranteed by the parallel federal provision." *State v. Carter*, 322 N.C. 709, 713, 370 S.E.2d 553, 555 (1988). Only our courts can "[answer] with finality" "[w]hether rights guaranteed by the Constitution of North Carolina have been provided and the proper tests to be used in resolving such issues." *State v. Arrington*, 311 N.C. 633, 643, 319 S.E.2d 254, 260 (1984).

Therefore, an independent determination of plaintiff's constitutional rights under the state constitution is required, *Harrison*, 64 N.C. App. at 33, 306 S.E.2d at 812, and the state courts reserve the right to grant relief under the state constitution "in circumstances under which no relief might be granted" under the federal constitution. *Lowe v. Tarble*, 313 N.C. 460, 462, 329 S.E.2d 648, 650 (1985) (construing Article I, Section 19). Accordingly, the claims asserted by the plaintiff in the State Court on the basis of the North Carolina Constitution are not identical to the claims asserted by the plaintiff in the Federal Court on the basis of the United States Constitution and dismissal of the state claims on the basis of *res judicata* was error.

Reversed and remanded.

Judges LEWIS and SMITH concur.