PHYLENCIA GREEN AND HUSBAND, ROY GREEN, PLAINTIFFS v. ESAU ROOSEVELT DIXON AND J.M.X., INCORPORATED DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. ANTOINETTE PADILLA TOLER, STATE OF NORTH CAROLINA, *EX REL* NCDOT, REA CONSTRUCTION COMPANY, AND PROTECTION SERVICES, INC., THIRD-PARTY DEFENDANTS

No. COA99-131

(Filed 4 April 2000)

**1. Collateral Estoppel and Res Judicata— claim preclusion— different plaintiffs—same accident—same allegations**

The trial court did not err in a negligence case involving a multi-vehicle collision by granting summary judgment in favor of third-party defendants Rea and P.S.I. based on res judicata because although the original plaintiffs are different, the accident at issue is the same, and the allegations of negligence as between the third-party plaintiffs and third-party defendants are the same.

**2. Collateral Estoppel and Res Judicata— claim preclusion— summary judgment—final judgment on the merits**

The trial court did not err in a negligence case involving a multi-vehicle collision by granting summary judgment in the present case in favor of third-party defendants Rea and P.S.I. based on res judicata since the prior cause of action determined by an order for summary judgment is a final judgment on the merits.

**3. Collateral Estoppel and Res Judicata— claim preclusion— summary judgment reversed—no longer a final judgment on the merits**

The trial court erred in a negligence case involving a multi-vehicle collision by granting summary judgment in favor of third-party defendant NC DOT in the prior case, and therefore, the elements of res judicata are not met with respect to this party in the present action since there is no longer a "final judgment on the merits."

Judge WYNN dissenting.

Appeal by third-party plaintiffs from judgment entered 24 November 1998 by Judge Robert H. Hobgood in Vance County Superior Court. Heard in the Court of Appeals 3 January 2000.

*McDaniel, Anderson & Stephenson, L.L.P., by John M. Kirby and William E. Anderson, for Defendant-Appellants.*

*North Carolina Department of Justice, by E. Harry Bunting, for Third-Party Defendant Appellees, North Carolina Department of Transportation.*

*Yates, McLamb & Weyer, L.L.P., by Rodney E. Pettey, for Third-Party Defendant Appellees, Rea Construction Company.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by James D. Blount, Jr. and Deanna L. Davis, for Third-Party Defendant Appellees, Protection Services, Inc.*

EAGLES, Chief Judge.

These two civil actions, *Green v. Dixon* and its companion case, *Davis v. J.M.X.*, COA99-332, relate to a multi-vehicle accident which occurred in Durham County on Friday, 23 August 1996. Plaintiff Phylencia Green was a passenger in a John Umstead Hospital van which was transporting nine patients and four hospital staff persons to Butner, North Carolina. Around 5:30 p.m., the van was involved in a five-vehicle accident on northbound I-85 in a construction zone close to the Glenn School Road overpass. The parties dispute whether the van was stopped or whether the van in traffic cut in front of a tractor trailer owned by Defendant J.M.X., Incorporated ("J.M.X.") and operated by Defendant Esau Roosevelt Dixon ("Dixon"). The van was struck from behind by the tractor trailer. Seven patients in the van died as a result of the accident. Two other patients were injured. Phylencia Green and three other staff members sustained personal injuries. Mr. and Mrs. Green brought this suit alleging personal injuries on the part of Mrs. Green, and loss of consortium on the part of Mr. Green.

J.M.X. and Dixon brought third-party complaints against the driver of the van, Antoinette Toler, and against Rea Construction Company ("Rea"), Protection Services, Inc. ("P.S.I."), and the State of North Carolina, *ex rel* NCDOT ("NCDOT"). Rea was NCDOT's contractor for this construction project, and P.S.I. was Rea's subcontractor. The third-party plaintiffs alleged that Ms. Toler was negligent in operating the hospital van, and that improper roadway traffic control and signage on the part of NCDOT, Rea, and P.S.I. contributed to the accident by failing to give proper warning of the lane merge. The traffic signs posted for the northbound motorists included a sign reading "Left Lane Closed Ahead" without an attached sign posting a 45 m.p.h.

speed limit, as required by NCDOT standards. Additionally, third-party plaintiffs contended that the warning signs should have been located a greater distance from the lane taper.

In 1998, the third-party defendants NCDOT, Rea, and P.S.I. moved for summary judgment in this case. The third-party defendants had previously moved for and obtained summary judgment in four other cases arising out of the same accident. These four cases are the subject of the appeal in the companion case, COA99-332. Here, Judge Robert H. Hobgood allowed the third-party defendants' motions for summary judgment based on *res judicata*. The trial court certified the case for immediate appeal pursuant to Rule 54(b).

We first consider whether the trial court erred in concluding that the summary judgments involved in COA99-332 constitute *res judicata* requiring summary judgment here. Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c). The evidence is viewed in the light most favorable to the non-moving party. *See Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 69 N.C. App. 505, 507, 317 S.E.2d 41, 42 (1984), *aff'd.*, 313 N.C. 488, 329 S.E.2d 350 (1985). The movant bears the burden of proving the absence of any genuine issue of material fact. *See Holley v. Burroughs Wellcome Co.*, 318 N.C. 352, 355, 348 S.E.2d 772, 774 (1986).

The essential elements of *res judicata* are: (1) a final judgment on the merits in an earlier lawsuit; (2) an identity of the cause of action in the prior suit and the later suit; and (3) an identity of parties or their privies in both suits. *See Hogan v. Cone Mills Corp.*, 315 N.C. 127, 135, 337 S.E.2d 477, 482 (1985). "Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them." *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993) (citing *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986)). The doctrine of *res judicata* is based on two policy considerations: "(1) that each person have his day in court to completely adjudicate the merits of his claim for relief, and (2) that the courts must demand an end to litigation when a claimant has exercised his right and a court of competent jurisdiction has ruled on the merits of his right." *Blake v. Norman*, 37 N.C. App. 617, 624, 247

S.E.2d 256, 261, *disc. review denied*, 296 N.C. 106, 250 S.E.2d 35 (1978). When a court of competent jurisdiction has reached a decision on facts in issue, neither of the parties are allowed to call that decision into question and have it tried again. *See Baum v. Golden*, 83 N.C. App. 218, 222, 349 S.E.2d 625, 627 (1986), *disc. review denied*, 319 N.C. 102, 353 S.E.2d 104 (1987).

[1] We first analyze the granting of summary judgment in favor of Rea and P.S.I. Here, the third-party plaintiff appellants argue that none of the three elements of *res judicata* are established. First, the appellants contend that the causes of action in the instant case and in COA99-332 are not identical because COA99-332 involves contribution claims for different plaintiffs than the contribution claims here.

We conclude that this element of *res judicata* is satisfied. The causes of action between the third-party plaintiffs and the third-party defendants in this case are identical to those in COA99-332. In *Tarkington v. Printing Co.*, 230 N.C. 354, 53 S.E.2d 269 (1949), the North Carolina Supreme Court held that third-party plaintiffs bringing contribution claims were bound by an earlier judgment under *res judicata*, regardless of the difference in the identity of original plaintiffs in the two suits. *See id.* at 357, 53 S.E.2d at 272. *See also Streater v. Marks*, 267 N.C. 32, 38, 147 S.E.2d 529, 534 (1966); *Herring v. Coach Co.*, 234 N.C. 51, 53, 65 S.E.2d 505, 507 (1951).

The North Carolina Supreme Court reached a similar conclusion in *Stansel v. McIntyre*, 237 N.C. 148, 74 S.E.2d 345 (1953). In *Stansel*, a truck and automobile were involved in a collision which resulted in the death of a passenger in the automobile. The driver of the automobile, Mrs. Austin, was denied recovery from the driver of the truck because of her negligence. Later, when the truck driver was sued for wrongful death, he filed a claim for contribution against Mrs. Austin. The Court held that the earlier judgment was *res judicata* on the question of Mrs. Austin's negligence. The Court stated:

> There is no doubt that a final judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court.

*Stansel*, 237 N.C. at 154, 74 S.E.2d at 350 (quoting *Current v. Webb*, 220 N.C. 425, 428, 17 S.E.2d 614, 616 (1941)).

Here, although the original plaintiffs are different, the accident at issue is the same, and the allegations of negligence as between the third-party plaintiffs and third-party defendants are the same. The negligence claims in all of the cases against the third-party defendants are based on the allegedly improper placement of the road construction signs. In each case, J.M.X. and Dixon alleged that the third-party defendants were negligent because the road construction signs were deficient and that this deficiency was the proximate cause of the multi-vehicle accident.

"It is elementary and fundamental that every person is entitled to his day in court to assert his own rights or to defend against their infringement." *See Coach Co. v. Burrell*, 241 N.C. 432, 436, 85 S.E.2d 688, 692 (1955). Here, J.M.X. and Dixon have already had their day in court against the third-party defendants. These third-party plaintiffs have had an opportunity to participate fully in the determination of their claims against the third-party defendants.

We note that the appellants argue that the two cases have different causes of action because the multi-vehicle collision involved different issues of causation of personal injury from the multiple vehicular impacts. *See Johnson v. Petree*, 4 N.C. App. 20, 165 S.E.2d 757 (1969). However, the facts indicate that the plaintiff in this case, Mrs. Green, was a passenger in the Umstead hospital van and that Thelma Bittings was also a passenger in the van. The administratrix of the Bittings estate is a plaintiff in COA99-332. Because both women were passengers in the same vehicle, the proximate cause issue would be the same. For the foregoing reasons, we conclude that the causes of action between the third-party plaintiffs and the third-party defendants in this case are identical to those in COA99-332.

Next, the third-party plaintiffs assert that *res judicata* should not apply here because there is not an identity of parties in the two actions; the original plaintiffs in the instant case are not plaintiffs in COA99-332. We conclude that this element of *res judicata* is satisfied: the same third-party plaintiffs are bringing claims against the same third-party defendants. In *Stansel v. McIntyre*, 237 N.C. 148, 74 S.E.2d 345 (1953), the North Carolina Supreme Court stated, "[i]t is not necessary that precisely the same parties were plaintiffs and defendants in the two suits; provided the same subject in controversy, between two or more of the parties" has been directly in issue in the former suit, and decided. *Id.* at 154, 74 S.E.2d at 350 (quoting *Current*, 220 N.C. at 428, 17 S.E.2d at 616). Under *Stansel, res judicata* may apply in an action for contribution by a third-party plain-

tiff, even when the plaintiff to the later suit was not a party to the earlier action.

[2] Next, the third-party plaintiffs assert that the elements of *res judicata* are not satisfied because there was no final judgment on the merits in the earlier suit. In general, a cause of action determined by an order for summary judgment is a final judgment on the merits. *See Evans v. Cowan*, 122 N.C. App. 181, 183, 468 S.E.2d 575, 577, *aff'd. per curiam*, 345 N.C. 177, 477 S.E.2d 926 (1996) (*citing Loving Co. v. Latham*, 15 N.C. App. 441, 444, 190 S.E.2d 248, 250 (1972)). Here, the third-party plaintiffs contend that the summary judgment in favor of third-party defendants in COA99-332 was not a final judgment, but rather an interlocutory judgment.

"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). In contrast, "[a]n order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). An order may be interlocutory in cases where multiple parties are involved, and the court enters a final judgment as to fewer than all of the parties. *See Veazey*, 231 N.C. at 361, 57 S.E.2d at 381.

Here, there was a final judgment on the merits in an earlier suit. On 1 September 1998, the plaintiff in the Estate of Bittings case filed a voluntary dismissal which disposed of her claims against J.M.X. and Dixon. Accordingly, there was nothing to be judicially determined between any party in the Bittings matter in the trial court. On 28 September 1998, Judge Hobgood heard the third-party defendants' motions for summary judgment in this matter. At that point, the judgment in the earlier case was final.

In the companion case of COA99-332, we hold that summary judgment was properly entered as to third-party defendants Rea and P.S.I. This summary judgment, a final judgment adverse to the third-party plaintiffs in this matter, is *res judicata* and bars the present action. Accordingly, we conclude that summary judgment was properly granted for third-party defendants Rea and P.S.I.

[3] We next address the granting of summary judgment in favor of NCDOT. In COA99-332, we reverse the trial court's grant of summary

judgment in favor of NCDOT. Because of our disposition of this issue in COA99-332, the elements of *res judicata* are not met with respect to third-party defendant NCDOT; there is no longer a "final judgment on the merits." Accordingly, in the instant case, we reverse the grant of summary judgment in favor of NCDOT.

In summary, we affirm the trial court's grant of summary judgment in favor of Rea and P.S.I. and reverse the grant of summary judgment in favor of NCDOT.

Affirmed in part, reversed in part, and remanded.

Judge WALKER concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

In the companion case of *Davis v. J.M.X.*, COA99-332, I disagreed with the majority's finding that Rea and P.S.I. breached no duty to the general public and therefore were entitled to summary judgment. Because I believe that Rea and P.S.I. were erroneously granted summary judgment in *Davis*, I cannot support the conclusion that *res judicata* requires summary judgment in this case. I therefore respectfully dissent.