BARBARA ANN CULLER, Plaintiff v. STACEY POTEAT HAMLETT, HOUSTON GWYNN HAMLETT, JR., and ANTHONY DALE GREEN, Defendants

No. COA00-1212

(Filed 5 February 2002)

**Collateral Estoppel and Res Judicata— res judicata—contributory negligence—summary judgment**

The trial court did not err in an action arising out of an automobile accident by granting summary judgment in favor of defendant based on its ruling in a separate case involving the other defendants that plaintiff pedestrian was contributorily negligent as a matter of law when crossing the road at night, because: (1) the doctrine of res judicata precludes a relitigation of whether plaintiff was contributorily negligent as a matter of law since both lawsuits arose out of a single action, involved the same set of facts, and involve identical issues related to plaintiff's contributory negligence; and (2) plaintiff has failed to offer any evidence or counter-affidavits contesting the grounds for summary judgment set forth by defendant.

Appeal by plaintiff-appellant from a judgment entered 8 March 2000 by Judge David Q. LaBarre in Caswell County Superior Court. Heard in the Court of Appeals 28 September 2001.

*George B. Daniel, P.A., by John M. Thomas, for plaintiff-appellant.*

*Teague, Rotenstrich and Stanaland, L.L.P., by Stephen G. Teague, for defendant-appellee Green.*

BIGGS, Judge.

Plaintiff appeals an order granting summary judgment in favor of defendant, Anthony Green in an action for personal injuries. In addition to defendant, plaintiff sued Stacey and Houston Hamlett. The trial against the Hamletts was severed from the trial against Green and reported in a separate opinion. For the reasons herein, we affirm the trial court's grant of summary judgment in favor of Green.

The evidence at trial tended to show the following: On 30 June 1993, at approximately 3:00 a.m. plaintiff was traveling easterly en route home to Providence, North Carolina from work in Greensboro, North Carolina. She described the traveling conditions as slightly

foggy and dark. She was driving a 1984 Ford Escort that she planned to purchase from a relative of defendant, Anthony Green. Plaintiff explained that she had not had any past mechanical problems with the vehicle; however, while driving easterly on the highway, plaintiff began to experience problems when the vehicle's stick shift kept "popping out of gear[.]" After crossing Highway 86 onto Park Springs Road, the vehicle became disabled forcing her to stop on the side of the two-lane road.

Shortly thereafter, plaintiff saw a vehicle approaching from the opposite direction and recognized the vehicle as belonging to defendant. Defendant, who was traveling westerly on the highway, slowed down, pulled his vehicle onto the shoulder of the roadway and parked it partially on the roadway in the lane opposite plaintiff's disabled vehicle. Plaintiff emerged from her car and walked across the roadway to defendant's car, while defendant remained seated with the driver's door open and the engine running.

While engaged in conversation with defendant, plaintiff saw the headlights of Stacey and Houston Hamlett's vehicle coming from around the corner and approaching the roadway from approximately "300 yards away[.]" The Hamletts, like defendant, were traveling westerly on the highway. After telling defendant that a car was approaching, plaintiff turned away and began to walk back across the roadway towards her vehicle. The Hamletts' vehicle collided first with defendant's vehicle, then struck and injured plaintiff, before colliding with plaintiff's vehicle. Plaintiff sustained a fractured left femur which required surgery.

Plaintiff filed an action on 30 October 1998, against defendant and the Hamletts for the injuries she suffered when she was struck while crossing the roadway. In her complaint, plaintiff alleged the following with respect to the defendant: (1) he was negligent in that he parked, or left standing, his motor vehicle that was not disabled on a public highway in violation of N.C.G.S. § 20-161(a) (1999); (2) he operated his vehicle in willful or wanton disregard of the rights or safety of others, in violation of N.C.G.S. § 20-140(a) (1999); and (3) the negligence of defendant was concurrent and joined with the negligence of the Hamletts.

On 8 March 2000, the trial involving the Hamletts took place. The trial court entered an order granting a directed verdict in favor of the Hamletts, finding that the plaintiff was contributorily negligent as a matter of law. The trial court thereafter dismissed plaintiff's action

against the Hamletts. From the entry of the directed verdict and dismissal of her action against the Hamletts, plaintiff gave notice of appeal to this Court, which is now pending in a separate action (COA00-1110).

Following the dismissal of plaintiff's action against the Hamletts, on 3 April 2000, defendant moved for summary judgment and for judgment on the pleadings. On 1 May 2000, the trial court granted defendant's motion for summary judgment based on its ruling in the Hamlet's trial that plaintiff was contributorily negligent as a matter of law. Plaintiff filed notice of appeal on 31 May 2000.

---

Plaintiff's sole assignment is that the trial court erred in granting defendant's motion for summary judgment in that there were existing genuine issues of material fact regarding the negligence of defendant and the contributory negligence, if any, of plaintiff. We disagree.

Summary judgment is proper when

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

N.C.G.S. § 1A-1, Rule 56(c) (1999); *DiOrio v. Penny*, 331 N.C. 726, 417 S.E.2d 457 (1992). The party moving for summary judgment "assumes the burden of positively and clearly showing there is no genuine issue as to any material fact." *Lewis v. Blackman*, 116 N.C. App. 414, 417, 448 S.E.2d 133, 135 (1994). The record will be reviewed in the light most favorable to the non-movant, and all inferences will be drawn against the movant. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975). In a ruling on a motion for summary judgment, the trial court does not resolve issues of fact. *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980). Summary judgment is improper if any material fact is subject to dispute. *Id.*

To prevail on a motion for summary judgment, the defendant must show either that: (1) an essential element of the plaintiff's claim is nonexistent; or (2) the plaintiff is unable to produce evidence that supports an essential element of his claim; or, (3) the plaintiff cannot overcome affirmative defenses raised against him. *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000). To survive a summary judgment motion, an adverse party may not rest upon the mere allegation of its pleadings. *Nicholson v. County of Onslow*, 116 N.C. App.

439, 441, 448 S.E.2d 140 (1994); *see also*, N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). A response, by affidavits or as otherwise provided by Rule 56, must set forth specific facts showing that there is a genuine issue for trial. *Id.* Our Supreme Court in *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992), held that once the defendant shows the plaintiff's inability to prove an element, the burden shifts to the plaintiff for a contrary showing. *Id.* at 64, 414 S.E.2d at 342. If the plaintiff does not meet this burden, summary judgment is proper. *Nicholson*, 116 N.C. at 441, 448 S.E.2d at 141.

In the instant case, defendant contends that he is entitled to summary judgment in that the trial court in plaintiff's action against the Hamletts ruled that plaintiff was contributorily negligent as a matter of law and that the doctrine of *res judicata* precludes her for re-litigating that issue. Under the doctrine of *res judicata*, when a court of competent jurisdiction has reached a decision on facts in issue, neither of the parties are allowed to call that decision into question and have it tried again. *Green v. Dixon*, 137 N.C. App. 305, 308, 528 S.E.2d 51, 53 (2000). The essential elements of *res judicata* are: (1) a final judgment on the merits in an earlier lawsuit; (2) identity of the cause of action in the prior suit and the later suit; and (3) an identity of the parties or their privies in both suits. *Green*, 137 N.C. App. 305, 528 S.E.2d 51; *see also*, *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 135, 337 S.E.2d 477, 482 (1985).

In the case *sub judice*, plaintiff filed a complaint arising out of the 30 June 1993 accident alleging negligence on the part of defendant and the Hamletts. The matter was calendared for trial, however due to a delay in the provision of discovery, the Court granted a continuance of the trial as to defendant Green, and severed issues as to co-defendants Hamletts. The claim against the Hamletts proceeded to jury trial before the Honorable David LaBarre. At the close of plaintiff's evidence, the court directed a verdict against the plaintiff and concluded, in part, that plaintiff was contributorily negligent as a matter of law. Defendant Green then filed his motion for summary judgment based on the trial court's ruling that plaintiff was contributorily negligent as a matter of law. We conclude that the doctrine of *res judicata* does preclude a re-litigation of whether plaintiff was contributorily negligent as a matter of law in that both lawsuits arose out of a single action, involved the same set of facts and involve identical issues related to plaintiff's contributory negligence.

CULLER v. HAMLETT

[148 N.C. App. 389 (2002)]

Our Supreme Court reached a similar conclusion in *Stancil v. McIntyre*, 237 N.C. 148, 74 S.E.2d 345 (1953). In that case a truck and automobile were involved in an accident resulting in the death of a passenger in the automobile. The driver of the automobile was denied recovery because she was found to have been contributorily negligent. In a subsequent suit for wrongful death against the truck driver, he filed a claim for contribution against the driver of the automobile. The Court held that the earlier judgment was *res judicata* on the issue of the automobile driver's negligence. Morever, the Court held that it was not necessary that precisely the same parties were plaintiffs and defendant in the two suits. Lastly, a cause of action determined by an order for directed verdict is a final judgment on the merits. *See generally*, *Evan v. Cowan*, 122 N.C. App. 181, 183, 468 S.E.2d 575, 577, *aff'd per curiam*, 345 N.C. 177, 477 S.E.2d 926 (1996) (citation omitted).

Having determined that the doctrine of *res judicata* precludes the re-litigation of the issue of plaintiff's contributory negligence, defendant has met its burden to prevail on his motion for summary judgment. To survive the motion, the burden shifts to plaintiff to show that there is a genuine issue for trial. Plaintiff has failed to offer any evidence or counter-affidavits contesting the grounds for summary judgment set forth by defendant. The trial court was left with the bare allegations of plaintiff's complaint and such inferences as could be gathered for the court's adverse examination offered by the defendant. While we recognize that summary judgment is an extreme remedy and rarely granted in negligence actions, we hold that the trial court did not err in granting defendant's motion based on the facts of this case.

Accordingly, we affirm the trial court's grant of summary judgment in favor of defendant.

Affirmed.

Judges McGEE and TIMMONS-GOODSON concur.