CITY-WIDE ASPHALT PAVING, INC., PLAINTIFF v. ALAMANCE COUNTY, DEFENDANT

No. COA98-573

(Filed 16 March 1999)

1. **Judgments— res judicata—collateral estoppel—federal constitutional claims—federal court decision—state constitutional claims**

   Plaintiff low bidder's state constitutional claims against defendant county arising from defendant's award of a landfill contract to another bidder were not barred by res judicata or collateral estoppel where a federal court decided plaintiff's federal constitutional claims but declined to exercise supplemental jurisdiction over plaintiff's state law claims and dismissed them without prejudice.

2. **Laches— state constitutional claims—unavailable defense**

   Laches is an equitable defense and is not available as a defense to plaintiff low bidder's claim that defendant county's award of a landfill contract to another bidder violated plaintiff's state due process and equal protection rights.

3. **Public Works— sovereign immunity—low bidder—contract awarded to another—statutory claim**

   Sovereign immunity barred plaintiff's claim against defendant county for damages asserted under N.C.G.S. § 143-129.2 based upon defendant's failure to award a landfill contract to plaintiff as the lowest bidder.

4. **Counties— sovereign immunity—state constitutional claims**

   Sovereign immunity did not bar plaintiff low bidder's state due process and equal protection claims for money damages against defendant county arising from its award of a landfill contract to a higher bidder.

**5. Public Works— county's rejection of low bid—due process**

Defendant county's rejection of plaintiff's low bid on a landfill contract was not arbitrary and capricious and did not violate plaintiff's substantive due process rights where defendant's concerns about whether plaintiff was competent, qualified and financially able to operate the landfill were reasonable in relation to defendant's objective to protect the health and safety of its citizens.

**6. Public Works— county's rejection of low bid—equal protection**

Defendant county's rejection of plaintiff's low bid on a landfill contract did not violate plaintiff's state equal protection rights because defendant had concerns supported by the evidence about defendant's ability to operate the landfill, and the decision to reject plaintiff's bid bears a rational relationship to a legitimate government interest.

Appeal by plaintiff from order entered 13 March 1998 by Judge J.B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 11 January 1999.

The plaintiff, City-Wide Asphalt Paving, Inc. ("City-Wide"), is an Ohio corporation with its principal place of business in Alamance County, North Carolina. On 8 October 1993 the defendant, Alamance County, issued a Request for Proposals ("RFP") to maintain and operate the Alamance County landfill. Plaintiff submitted a proposal on 5 November 1993. Two other companies, Triangle Paving, Inc. ("Triangle") and Mace Grading Company, Inc. ("Mace"), also submitted proposals. Plaintiff's bid was the only bid in compliance with the RFP. Defendant rejected all of the proposals and on 19 November 1993 issued a new RFP which was virtually identical to the 8 October 1993 RFP.

On 13 December 1993 plaintiff submitted a new bid at a reduced price. Triangle and Mace also submitted new proposals, but plaintiff's proposal was the lowest bid. Wayne Church, defendant's purchasing agent, recommended to the defendant that plaintiff's proposal be accepted. However, on 3 January 1994, the Alamance County Board of Commissioners voted to award the contract to Mace.

On 14 November 1996 plaintiff filed the complaint in this action alleging that defendant had acted arbitrarily and capriciously in

awarding the contract to Mace, depriving plaintiff of its right to substantive due process of law and denying plaintiff equal protection of the laws under the North Carolina Constitution. Plaintiff also alleged that "[d]efendant violated the provisions of N.C.G.S. § 143-129.2 in awarding the contract to Mace" because "[t]he proposal submitted by Mace was not more responsive to the defendant's Request for Proposals than was the proposal submitted by plaintiff, and therefore defendant should have awarded the contract to plaintiff rather than Mace."

The action was stayed by the Alamance County Superior Court pending the resolution of *City-Wide Asphalt Paving, Inc. v. Alamance County*, No. 2:96CV0066 in federal court by a consent order dated 9 December 1996. Plaintiff had filed the federal action 23 January 1996 alleging claims based on defendant's award of the contract to operate the landfill to Mace. Defendant alleged violation of the United States and North Carolina Constitutions as well as a violation of G.S. 143-129.2. On 25 March 1997 summary judgment was granted to defendant in the federal action. However, the federal court dismissed plaintiff's state law claims without prejudice. On 16 May 1997 plaintiff moved to lift the stay in this action. On 20 May 1997 an order lifting the stay was entered with defendant's consent.

On 22 January 1998 defendant moved for summary judgment. On 13 March 1998 the trial court granted summary judgment for defendant. Plaintiff appeals.

*Smith, James, Rowlett & Cohen, L.L.P., by J. David James, for plaintiff-appellant.*

*David I. Smith, Alamance County Attorney, for defendant-appellee.*

EAGLES, Chief Judge.

In its order granting summary judgment, the trial court noted that it had reviewed defendant's motion and had considered the briefs, pleadings, depositions and affidavits filed by the parties, and having heard argument, had determined that there was no genuine issue as to any material fact. On appeal, plaintiff submits arguments on the issues of (I) *res judicata* and collateral estoppel; (II) laches; (III) the right to bring a private right of action pursuant to G.S. 143-129.2; (IV) sovereign immunity as to plaintiff's constitutional claims; and (V) arguments based on violation of plaintiff's state constitutional rights

to (A) substantive due process and (B) equal protection. Plaintiff contends the trial court erred in granting defendant's motion for summary judgment because there were disputed issues of material fact and defendant was not entitled to judgment as a matter of law.

I

**[1]** We first consider whether plaintiff's claims are barred by *res judicata* or collateral estoppel. Plaintiff argues that *res judicata* does not apply because plaintiff's claims were based on the North Carolina Constitution and the federal court decision was based upon the United States Constitution. Accordingly, plaintiff argues that identical issues were not involved, litigated or determined. Plaintiff asserts that federal due process claims are not identical to state due process claims. *Evans v. Cowan*, 122 N.C. App. 181, 468 S.E.2d 575, *aff'd per curiam*, 345 N.C. 177, 477 S.E.2d 926 (1996). Plaintiff also argues that collateral estoppel does not apply because the standard of review for the state constitutional claims is different from the standard of review for the federal constitutional claims.

Defendant contends that plaintiff's claim alleging violation of state constitutional rights is barred by collateral estoppel. Defendant argues that Article I, Section 19, the law of the land provision of the North Carolina Constitution, is deemed the same as the equal protection and due process clauses of the Fourteenth Amendment. Accordingly, defendant argues that identical issues here were litigated and determined by the federal court.

After careful review of the record, briefs and contentions of both parties, we hold that plaintiff's claims are not barred by *res judicata* or collateral estoppel. The federal court expressly stated that it "decline[d] to exercise supplemental jurisdiction over Plaintiff's state law claims," and dismissed them without prejudice. While the federal court did review federal due process and equal protection claims, this Court has stated that "[o]ur courts . . . when construing provisions of the North Carolina Constitution, are *not* bound by the opinions of the federal courts 'construing even identical provisions in the Constitution of the United States . . .' " and that "an independent determination of plaintiff's constitutional rights under the state constitution is required." *Evans*, 122 N.C. App. at 183-84, 468 S.E.2d at 577 (citations omitted). Accordingly, plaintiff's state constitutional claims have not been determined and they are not barred by *res judicata* or collateral estoppel.

## II.

[2] We next consider whether plaintiff's claims are barred by laches. Plaintiff argues that the laches defense is not available here because it is only available as a defense to an equitable claim and defendant has sought no equitable relief. Plaintiff additionally argues that even if laches was available, the defendant has failed to carry its burden of showing that any alleged delay was unreasonable and prejudicial.

Defendant argues that this Court can apply laches to bar plaintiff's action. Defendant contends that while laches was originally an equitable remedy, equity is no longer "a separate field of study" with "separate chancellors to apply the doctrine" and "such a rule would be an anachronism now." Accordingly, defendant argues that laches is a permissible defense to all actions, whether equitable or legal in nature. Defendant asserts that plaintiff's two year delay in filing suit has worked to the prejudice and disadvantage of defendant and there was no excuse for the delay. Due to the length of time and financial loss defendant argues that laches should bar plaintiff's claim.

Laches is an equitable defense and is not available in an action at law. *Rudisail v. Allison*, 108 N.C. App. 684, 688, 424 S.E.2d 696, 699-700 (1993) (citing G.S. 1-52(3) (1983); *Coppersmith v. Upton*, 228 N.C. 545, 548, 46 S.E.2d 565, 567 (1948); *United States v. Mack*, 295 U.S. 480, 489, 79 L.Ed. 1559, 1565 (1935) (laches within the term of the statute of limitation is not a defense to action at law); 30A C.J.S. Equity § 128, at 351-52 (1992)). Plaintiff's claims are legal in nature, not equitable. Accordingly, the defense of laches cannot support summary judgment for defendant.

## III

[3] We next consider whether plaintiff has a private right of action under G.S. 143-129.2. Plaintiff contends that defendant violated G.S. 143-129.2 when it failed to award the contract to plaintiff as the lowest bidder. Plaintiff argues that while the statute does allow a local government to make a contract award to someone other than the lowest bidder, it is allowed only "[u]pon the determination that the selected proposal is more responsive to the Request for Proposals." Plaintiff argues that defendant has failed to prove that Mace's proposal was more responsive than plaintiff's proposal.

Defendant contends that G.S. 143-129.2 does not provide for a civil cause of action for damages. Additionally, defendant argues

that sovereign immunity and the public duty doctrine bar plaintiff's claim.

While our research discloses no case law discussing whether there is a private right of action under G.S. 143-129.2, this Court has allowed a similar action under a related statute, G.S. 143-128(b). *Kinsey Contracting Co. v. City of Fayetteville,* 106 N.C. App. 383, 416 S.E.2d 607 (1992). In *Kinsey,* this Court affirmed a trial court's order denying plaintiff's motion for a preliminary injunction, dissolving plaintiff's temporary restraining order and finding that the award of a contract to build a pumping station to a party who was not the lowest responsible bidder was not an abuse of discretion. *Id.* However, it is not readily apparent on the face of *Kinsey* whether the plaintiff in *Kinsey* sued for damages. Only equitable remedies are mentioned. Therefore, *Kinsey* is not dispositive on whether a private right of action for damages lies under G.S. 143-129.2.

Here, plaintiff did not allege that Alamance County had waived its sovereign immunity. "As required by law, if the plaintiff fails to allege a waiver of immunity . . ., the plaintiff has failed to state a claim against a governmental unit or employee." *Whitaker v. Clark,* 109 N.C. App. 379, 384, 427 S.E.2d 142, 145, *disc. review denied, cert. denied,* 333 N.C. 795, 431 S.E.2d 31 (1993). Accordingly, we hold that as a matter of law sovereign immunity bars plaintiff's claims for damages asserted for violation of G.S. 143-129.2.

## IV

**[4]** We next consider whether defendant has sovereign immunity as to plaintiff's constitutional claims. Plaintiff relies on *Corum v. University of North Carolina,* 330 N.C. 761, 413 S.E.2d 276 (1992) and argues that the doctrine of sovereign immunity cannot be asserted against a party seeking to remedy violations of its constitutional rights.

Defendant argues that plaintiff's claim for damages from the alleged violation of the state constitution is barred because plaintiff had an adequate remedy in state law, and in such a situation a direct constitutional claim is not warranted. *Corum,* 330 N.C. at 782, 413 S.E.2d at 289; *Barnett v. Karpinos,* 119 N.C. App. 719, 728, 460 S.E.2d 208, 213, *disc. review denied,* 342 N.C. 190, 463 S.E.2d 232 (1995). Here, defendant contends that if the bid process and awarding of the contract to Mace was illegal, plaintiff could have immediately

sued in state court to have the contract declared void or to enjoin performance.

We hold that the doctrine of sovereign immunity does not bar plaintiff's equal protection and due process claims. Defendant suggests that plaintiff should have filed suit to enjoin the contract or have it declared void. However, these remedies are equitable in nature and do not provide plaintiff with an avenue to pursue money damages. Plaintiff's direct action against defendant pursuant to the North Carolina Constitution provides plaintiff's only adequate legal remedy. Plaintiff's direct constitutional action against defendant "completes his remedies." *Corum*, 330 N.C. at 789, 330 S.E.2d at 294. Accordingly, plaintiff is not precluded from pursuing an action directly under the North Carolina Constitution.

## V

We next consider plaintiff's state constitutional claims on their merits. Plaintiff contends that violations of Article I, Section 19 of the North Carolina Constitution are measured by the arbitrary and capricious standard. Plaintiff contends that there was an issue of fact as to whether the defendant acted arbitrarily or capriciously. Plaintiff cites the testimony of State Representative Cary Allred, a former Alamance County Commissioner, that defendant was looking for reasons to reject plaintiff's bid and that the whole bid process was "a farce." Plaintiff argues that this testimony, coupled with the evidence of long time preferential treatment afforded to Mace, raised a factual question of arbitrariness and capriciousness. Furthermore, plaintiff asserts that the defendant's rejection of the low bid was very unusual, and defendant's own purchasing director recommended that the bid be accepted. Plaintiff additionally disputes the defendant's reasons for the bid's rejection, arguing that defendant was "arbitrarily fishing for reasons to deny the contract to plaintiff." Accordingly, plaintiff argues that there is a contested issue of fact on the issue of whether defendant acted arbitrarily or capriciously and that the trial court erred in granting defendant's motion for summary judgment.

## A

[5] Defendant argues that the traditional test to judge whether government action violated substantive due process is to determine whether the challenged action had "a rational relation to a valid state objective." *In re Moore*, 289 N.C. 95, 101, 221 S.E.2d 307, 311 (1976). Defendant contends that there is no violation of substantive due

process "unless [defendant's] actions were so bad they were not even debatable." Accordingly, defendant argues that plaintiff's due process claim must fail.

After careful review of the record, briefs and contentions of both parties, we affirm. In regard to plaintiff's state due process allegations, our Supreme Court has stated that it "reserve[s] the right to grant relief against unreasonable and arbitrary" government action under the North Carolina Constitution. *Lowe v. Tarble*, 313 N.C. 460, 462, 329 S.E.2d 648, 650 (1985). Whether government action "violates the law of the land clause 'is a question of degree and *reasonableness in relation to the public good likely to result from it.*' " *Id.* (quoting *In re Hospital*, 282 N.C. 542, 550, 193 S.E.2d 729, 735 (1973) (emphasis added)).

Defendant argues that "when the government's objectives are to guard the health and safety of the citizens and the protection of the environment, the choosing of an agent that is shown to be competent and qualified and financially able to implement the objective is an act related to this objective." In rejecting plaintiff's bid, defendant set forth the following specific reasons for denying the contract to plaintiff: (1) Informal investigation had revealed that Carl Buckland, the majority shareholder and operator of plaintiff, had a poor credit rating; (2) plaintiff did not have the employees, equipment or experience necessary to operate the landfill; and (3) Mr. Buckland's demeanor and conduct at prior Board Meetings raised a concern about his ability to conduct himself in a businesslike manner and with candor on behalf of City-Wide in negotiating and communicating with the Board and other county officials. There is evidence in the record to support the defendant's concerns. Accordingly, we hold that defendant's reasons for rejecting plaintiff's bid, namely concern about whether plaintiff was "competent and qualified and financially able" to operate the landfill, were reasonable in relation to the government's objective to protect the health and safety of its citizens, and its decision to reject plaintiff's bid was not arbitrary or capricious.

B

[6] Defendant next contends that plaintiff's claim of equal protection must be analyzed "according to a two-tiered method of analysis." First, defendant argues that the plaintiff must show that defendant's action was motivated by an "intentional, purposeful discrimination." *Kresge Co. v. Davis*, 277 N.C. 654, 662, 178 S.E.2d 382, 386 (1971) (citations omitted). Defendant argues that plaintiff did not carry its

burden of proving "intentional, purposeful discrimination." Defendant further argues that plaintiff has neither been placed in a suspect class nor claimed infringement of a fundamental right. Accordingly, defendant asserts that the second-tier of analysis applies, and the challenged action must "bear some rational relationship to a conceivable legitimate government interest." *Texfi Industries v. City of Fayetteville*, 301 N.C. 1, 11, 269 S.E.2d 142, 149 (1980). Defendant argues that "the proper operation of a landfill has a direct relation to the health of the public and the protection of the environment, and that it is a purpose of government to guard the health of its citizens and to protect the environment. The determination of the [defendant] to choose a properly qualified and adequately financed company to implement its duty to the public is a governmental purpose." Defendant also contends that it had unlimited discretion in selecting bids and specifically reserved that right in its Request for Proposals.

We agree with defendant and hold that since plaintiff has neither been placed in a suspect class nor alleged "intentional, purposeful discrimination," and the awarding of the contract was not an infringement of a fundamental right, the defendant's actions pass muster if they have a reasonable basis and are rationally related to a legitimate governmental objective. *Powe v. Odell*, 312 N.C. 410, 413, 322 S.E.2d 762, 764 (1984). The determination of defendant to choose a properly qualified company to maintain the landfill is a legitimate government purpose. The defendant had concerns about plaintiff's ability to operate the landfill, concerns supported by evidence in the record. Accordingly, the defendant's decision to reject plaintiff's bid bears a rational relationship to a legitimate government interest. Plaintiff's claim of violation of equal protection of the law guaranteed by the North Carolina Constitution fails.

In conclusion, we hold that plaintiff's claim for damages based upon G.S. 143-129.2 fails as a matter of law because plaintiff has failed to show that defendant waived its sovereign immunity. We also hold that summary judgment was properly granted for defendant on plaintiff's state constitutional claim based on substantive due process because defendant's rejection of plaintiff's bid was neither arbitrary nor capricious. Finally, we hold that summary judgment was properly granted for defendant on plaintiff's state constitutional claim based on equal protection of the law because the defendant's actions were rationally related to a legitimate governmental interest.

AVANT v. SANDHILLS CTR. FOR MENTAL HEALTH

[132 N.C. App. 542 (1999)]

Affirmed.

Judges MARTIN and McGEE concur.