PHILLIPS v. GRAY

[163 N.C. App. 52 (2004)]

---

DAN PHILLIPS, Plaintiff v. IKE GRAY, individually and in his official capacity as Sheriff of Chatham County, RANDY KECK, in his official capacity as Chief Deputy Sheriff of Chatham County, Defendants

No. COA02-1570

(Filed 17 February 2004)

**1. Immunity— sheriff and deputy—official capacities—wrongful discharge**

Summary judgment was correctly granted for a sheriff and chief deputy in their official capacities on a wrongful discharge suit. Sovereign immunity bars actions against public officials in their official capacities, sheriffs and deputies are considered public officials, and the county's insurance fund included an excep-

tion for law enforcement employees bringing claims against each other.

**2. Immunity— sovereign—sheriff—individual capacity—wrongful discharge**

Sovereign immunity did not bar a claim for wrongful discharge in violation of public policy against a sheriff in his individual capacity. Sovereign immunity does not shield individuals from personal liability for actions which may have been corrupt, malicious, or outside the scope of official duties, and plaintiff provided evidence which could support his claim in that he provided an informant for an FBI investigation of mismanagement of marijuana by the sheriff's department.

Appeal by plaintiff from order entered 1 August 2002 by Judge John R. Jolly, Jr., in Chatham County Superior Court. Heard in the Court of Appeals 10 September 2003.

*McSurley & Osment, by Ashley Osment and Alan McSurely for plaintiff appellant.*

*Womble Carlyle Sandridge & Rice, by Mark A. Davis for defendant appellee.*

TIMMONS-GOODSON, Judge.

Dan Phillips ("plaintiff") appeals the trial court's order of summary judgment in favor of defendants Sheriff Ike Gray ("Sheriff Gray") and Randy Keck ("Keck") (collectively as "defendants"). For the reasons stated herein, we affirm the decision of the trial court to grant summary judgment for plaintiff's claims against defendants in their official capacities and plaintiff's free speech claim. We, however, reverse and remand the trial court's grant of summary judgment for plaintiff's claim against defendant Sheriff Gray in his individual capacity.

The record tended to show that plaintiff was a School Resource Officer ("SRO") with the Chatham County Sheriff's Department. Defendants are the sheriff (Gray) and chief deputy sheriff (Keck) of Chatham County.

Plaintiff acted as the SRO for Chatham Central High School ("CCHS") for the majority of the time pertinent to this appeal. While serving as the SRO, plaintiff witnessed a racially hostile environment at CCHS perpetuated by students and school administrators. Plaintiff made multiple attempts to discuss the hostile environment with his

then supervisor, Sheriff Don Whitt ("Sheriff Whitt"). Sheriff Whitt informed plaintiff that he did not "want to hear a damn thing [plaintiff had] to say" about the school.

The following summer, an unknown person left an audiocassette in the mailbox of the Chatham County Board of Commissioners Chair Richard Givens. The tape contained a conversation between the principal of CCHS, William Fowler ("Fowler"), and an unknown person. During said conversation, Fowler made several racial slurs. Fowler subsequently resigned as principal of CCHS.

Plaintiff's wife, Dorthy Ritter Phillips ("Mrs. Phillips"), is the principal of a local elementary school. In her affidavit for the court, Mrs. Phillips stated that a colleague of hers informed her that Fowler and Sheriff Whitt had made a deal to "take care of the one who had made the tape" and that plaintiff would not be re-sworn as a deputy when the new sheriff, Sheriff Gray, took office.

A few months later, plaintiff was informed that marijuana was stolen from a landfill used by the Chatham County Sheriff's Department to destroy and/or hold marijuana in the County's possession. The informant explained to plaintiff that he attempted to provide Keck with this information, but Keck "cursed him." Plaintiff met with the informant and agents from the FBI and the U.S. Customs. Sheriff Whitt asserted in his affidavit that he had contacted the FBI about the missing marijuana.

Sheriff Whitt retired as sheriff of Chatham County on 30 November 2001. Sheriff Gray was sworn in as sheriff and plaintiff was re-sworn as a deputy. Shortly thereafter, Sheriff Gray informed Keck that there was an Internal Affairs investigation of plaintiff.

Robert Lefler, an officer employed by the Division of Motor Vehicles Law Enforcement and the officer who arranged the meeting with the FBI and U.S. Customs, received a call from a U.S. Customs agent asking Lefler to give plaintiff a "heads up" that Keck planned to fire him. In mid-January 2001, Keck asked plaintiff to take a polygraph exam regarding the audiotape of Fowler. In Keck's affidavit, he stated that plaintiff became enraged when asked to take a polygraph. Keck further stated that plaintiff thereafter threatened to sue him. In plaintiff's affidavit, plaintiff asserts that he was willing to take the polygraph as long as standard operating procedure was followed and his accuser was also required to submit to a polygraph.

Deputy Seagroves, plaintiff's successor as SRO at CCHS, asserts in his affidavit that Keck also asked him to take a polygraph. Deputy Seagroves informed Keck that he would submit to a polygraph if standard operating procedure was followed. Neither plaintiff nor Deputy Seagroves took a polygraph test.

The next day Sheriff Gray discharged plaintiff. Plaintiff brought a wrongful discharge claim against Sheriff Gray and Keck in their official capacities and against Sheriff Gray in his individual capacity. The trial court granted defendants' motion for summary judgment and dismissed all claims against defendants with prejudice.

---

Plaintiff assigns error to the trial court's order of summary judgment to defendants. Plaintiff specifically argues that there are genuine issues of material fact regarding whether: (1) sovereign immunity bars wrongful discharge claims against defendants; (2) plaintiff's wrongful discharge claim is based on recognized public policy; and, (3) plaintiff was discharged in violation of his free speech rights under the North Carolina Constitution. We conclude that summary judgment was appropriate for plaintiff's claims against defendants in their official capacities, but not against Sheriff Gray in his individual capacity. We further conclude that the trial court's order of summary judgment was proper regarding plaintiff's free speech claim.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001); *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 656, 267 S.E.2d 584, 586 (1980). It is not the court's function to decide questions of fact when ruling on a motion for summary judgment; rather, the moving party must establish that there is an absence of a triable issue of fact. *Moore v. Bryson*, 11 N.C. App. 260, 262, 181 S.E.2d 113, 114 (1971). All evidence must be considered in the light most favorable to the non-moving party. *Burrow v. Westinghouse Electric Corp.*, 88 N.C. App. 347, 350, 363 S.E.2d 215, 217 (1988).

[1] Sovereign immunity ordinarily grants the state, its counties, and its public officials, in their official capacity, an unqualified and absolute immunity from law suits. *Paquette v. County of Durham*, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002), *disc. review denied* 357 N.C. 165, 580 S.E.2d 695 (2003). "The rule of sovereign immunity applies when the governmental entity is being sued

for the performance of a governmental, rather than proprietary, function." *Id.* The complaint must specifically allege a waiver of governmental immunity to overcome a defense of sovereign immunity. *Clark v. Burke County*, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994). Absent such an allegation, the complaint fails to state a cause of action. *Id.* In the case herein, plaintiff alleges that Chatham County waived its sovereign immunity through the purchase of liability insurance.

A county may waive its sovereign immunity by purchasing liability insurance pursuant to N.C. Gen. Stat. § 153A-435(a) (2001). Chatham County purchased insurance entitled the "North Carolina Counties Liability and Property Insurance Pool Fund" ("Fund"). The Fund clearly defines county sheriffs and chief deputies as "Law Enforcement Employees."

> "Law Enforcement Employees" means persons described as . . . those armed employees who deal directly with the public and exercise general powers of arrest. This category includes but is not limited to the following:
>
> a. county sheriff and chief deputy exercising powers of arrest;
>
> b. an officer exercising powers of arrest; and
>
> c. all personnel with regular street or road duties, or both, detectives and investigators.

Plaintiff's brief to this Court concedes that Gray and Keck "[are] law enforcement employees." The provisions governing law enforcement employees specifically exclude any claims brought by a covered person (law enforcement employee) against another covered person. As plaintiff and defendants are covered persons, plaintiff's claims against defendants are within an exception to the Fund's coverage.

Defendants argue that the exception to liability insurance requires this Court to find that defendants are immune from suit. In order to facilitate discussion of this question, we must first address the capacities in which the defendants are being sued. We note that plaintiff's suit is against Gray and Keck in their official capacities, and against Gray in his individual capacity.

The doctrine of sovereign immunity bars actions against public officials sued in their official capacities. *Beck v. City of Durham*, 154 N.C. App. 221, 229, 573 S.E.2d 183, 190 (2002). Sheriffs and deputy

sheriffs are considered public officials for purposes of sovereign immunity. *Summey v. Barker*, 142 N.C. App. 688, 691, 544 S.E.2d 262, 265 (2001). Thus, sovereign immunity bars plaintiff's claims against defendants in their official capacities.

**[2]** Sovereign immunity does not shield public officials from personal liability for any actions which " 'may have been corrupt, malicious or perpetrated outside and beyond the scope of official duties.' " *Beck*, 154 N.C. App. at 230, 573 S.E.2d at 190 (*quoting Locus v. Fayetteville State University*, 102 N.C. App. 522, 526, 402 S.E.2d 862, 865 (1991)). Thus, sovereign immunity does not bar plaintiff's claim against Sheriff Gray in his individual capacity.

This Court must now determine whether plaintiff has sufficiently evidenced his wrongful discharge claim against Sheriff Gray individually. We must only find one theory to support plaintiff's claim in order to defeat the entry of summary judgment, and in doing so, we need not rule on the remaining theories.

To survive summary judgment, plaintiff must forecast sufficient evidence that a jury may find that Sheriff Gray discharged plaintiff in violation of public policy. *See Caudill v. Dellinger*, 129 N.C. App. 649, 656, 501 S.E.2d 99, 104 (1998). This Court has previously concluded that "[i]t is the public policy of this state that citizens cooperate with law enforcement officials in the investigation of crimes." *Caudill*, 129 N.C. App. at 657, 501 S.E.2d at 104. In the case *sub judice*, Sheriff Gray was implicated in the mismanagement of the marijuana, an incident under investigation by the FBI and U.S. Customs. Plaintiff cooperated with the investigating agents by providing a confidential informant. Plaintiff's cooperation with said agents was "clearly [a] protected activity which further[s] the public policy of this state." *Id.* We conclude that plaintiff has provided evidence which could support a claim for common law wrongful discharge in violation of public policy.

Plaintiff's third assignment of error argues that the trial court erred when it granted defendants' summary judgment motion on plaintiff's free speech claim. To establish a cause of action for wrongful discharge in violation of free speech, plaintiff must forecast sufficient evidence "that the speech complained of qualified as protected speech or activity" and "that such protected speech or activity was the motivating or but for cause for his discharge or demotion." *Swain v. Elfland*, 145 N.C. App. 383, 386, 550 S.E.2d 530, 533 (2001) (citations omitted).

In *Corum v. University of North Carolina,* our Supreme Court held that one whose state constitutional rights have been abridged has a direct claim under the appropriate constitutional provision. 330 N.C. 761, 782, 413 S.E.2d 276, 289 (1992). A claim is available, however, only in the absence of an adequate state remedy. *Id.* As plaintiff's rights are adequately protected by a wrongful discharge claim, a direct constitutional claim is not warranted. *See Corum,* 330 N.C. at 783, 413 S.E.2d at 289. The trial court did not err when granting defendants' motion to dismiss based on plaintiff's free speech claim.

We affirm the trial court's order granting summary judgment in favor of defendants for plaintiff's claims against defendants in their official capacities and for plaintiff's free speech claim. We reverse the trial court's order granting summary judgment on plaintiff's wrongful discharge claim against Sheriff Gray individually.

Affirmed in part, reversed in part.

Judges HUDSON and ELMORE concur.