JOSEPHINE WILLIAMS, ADMINISTRATRIX OF THE ESTATE OF TIFFANY KEYETTA JORDAN, PLAINTIFF v. SCOTLAND COUNTY AND THE CITY OF LAURINBURG ACTING BY AND THROUGH THEIR EMPLOYEES AND AGENTS, DEFENDANTS

No. COA03-1624

(Filed 16 November 2004)

**Immunity— fire protection services—additional role of dispatcher**

Defendant city's motion for summary judgment was properly denied in an action arising from decedent's death in a wrecked and burning automobile while waiting for someone trained to operate equipment used to free people trapped in cars. While there is specific statutory immunity for firefighters, there is an issue of fact as to whether the city was acting solely as a provider of fire protection services or in the additional role of dispatcher.

Appeal by defendant City of Laurinburg from order entered 3 September 2003 by Judge B. Craig Ellis in the Superior Court in Scotland County. Heard in the Court of Appeals 11 October 2004.

*W. Edward Musselwhite, Jr., for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Jeffery H. Blackwell and Shelley W. Coleman, for defendant-appellant.*

HUDSON, Judge.

On 19 May 2002, plaintiff Josephine Williams, Administratrix of the Estate of Tiffany Jordan, filed a wrongful death complaint

against defendants Scotland County ("the county") and the City of Laurinburg ("the city"). The city answered, pleading immunity as a complete bar to plaintiff's claim. The plaintiff later voluntarily dismissed the county. On 8 May 2003, the city moved for summary judgment, which motion the court denied on 3 September 2003. The city appeals. For the reasons discussed below, we affirm the court's denial of the city's motion for summary judgment.

According to the pleadings and forecast of evidence, on 18 May 2000, a car driven by Tiffany Jordan ("Tiffany"), a nineteen-year-old college student, left the road and struck a tree in Scotland County. Tiffany was trapped in the car, which caught fire. Witnesses to the accident called 911 Emergency Services in Scotland County, telling the 911 dispatcher that Tiffany was trapped in a burning car. The 911 dispatcher sent an ambulance and a rescue truck to the accident scene. The EMS attendants in the ambulance arrived first, but could not free Tiffany from the car. Firefighter David Laviner arrived in the rescue unit, which contained equipment used to free people trapped in cars. Laviner, however, was not trained to operate the equipment. Instead, Laviner used fire extinguishers to try to control the car fire, and when those were emptied, he and others carried water from a nearby ditch to dump on the fire. Eventually, a fire truck arrived at the scene and extinguished the fire, but by that time, Tiffany had died from burns and smoke inhalation.

Because this is an appeal from the denial of summary judgment, it is interlocutory. However, under N.C. Gen. Stat. § 7A-27(d)(1) interlocutory appeals affecting a substantial right are immediately appealable. "Where the appeal from an interlocutory order raises issues of sovereign immunity, such appeals affect a substantial right sufficient to warrant immediate appellate review." *Satorre v. New Hanover County Bd. of Comm'rs*, 165 N.C. App. 173, 175, 598 S.E.2d 142, 144 (2004).

Defendant argues that the court erred in denying its motion for summary judgment. "[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). "[T]he evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Id.*

WILLIAMS v. SCOTLAND CTY.

[167 N.C. App. 105 (2004)]

The city argues that the court's denial of summary judgment was erroneous because it is entitled to complete immunity under N.C. Gen. Stat. § 160A-293(b), which reads, in pertinent part:

> No city or any officer or employee thereof shall be held to answer in any civil action or proceeding for failure or delay in answering calls for fire protection outside the corporate limits, nor shall any city be held to answer in any civil action or proceeding for the acts or omissions of its officers or employees in rendering fire protection services outside its corporate limits.

This statute provides immunity specifically to firefighters as they respond to calls for fire protection services and render those services outside a city's corporate limits.

Here, the pleadings, affidavits, and depositions raise factual issues about whether the city fire department was acting solely as a fire fighting agency or whether the department also took on the role of dispatcher in the instant case. In Scotland County, the 911 Emergency Telecommunications System dispatcher is to notify the city fire department of any request for fire protection anywhere in the county. The city fire department then determines and dispatches the appropriate fire-fighting department and equipment. The deposition of the city fire department dispatcher clearly sets forth these dual roles for the city fire department:

> Q: Now, is it correct that the way the system is set up in Scotland County is that the fire department has basically two separate roles. The first role is involved with a 9-1-1 system where they have the responsibility of determining which fire department needs to be called to a particular incident?
>
> A: Correct.
>
> Q: And the second role or responsibility is that if it's in the Laurinburg Fire District, to actually go to a fire and fight the fire?
>
> A: Correct.
>
> Q: Do you agree that these are two different functions that you're performing there at the fire station?
>
> A: Correct.

**WILLIAMS v. SCOTLAND CTY.**

[167 N.C. App. 105 (2004)]

Because the evidence presented by the parties, viewed in the light most favorable to plaintiff, presents a genuine issue of material fact as to whether the city fire department was acting solely as a provider of fire protection services or in additional capacities as a dispatcher, defendant's motion for summary judgment was properly denied.

Affirmed.

Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.