JON-PAUL CRAIG, BY HIS MOTHER AND NEXT FRIEND, KIMBERLY CRAIG, PLAINTIFF v. NEW HANOVER COUNTY BOARD OF EDUCATION, AND ANNETTE REGISTER, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, DEFENDANTS

No. COA07-80

(Filed 4 September 2007)

1. **Appeal and Error— appealability—sovereign immunity—substantial right**

    Although the denial of a summary judgment motion is interlocutory and thus ordinarily not immediately appealable, defendant board of education's sovereign immunity defense affects a substantial right and allows for immediate appeal of the order.

2. **Immunity; Schools and Education— board of education—common law negligence—sovereign immunity not waived**

    In a common law negligence action based upon failure to supervise brought on behalf of a middle school student who was sexually assaulted by another student, defendant board of education did not waive its sovereign immunity up to $150,000 by its purchase of indemnification coverage in that amount through the North Carolina School Boards Trust (NCSBT) because a school board's participation in NCSBT does not qualify as a purchase of liability insurance as defined by N.C.G.S. § 115C-42. Furthermore, an excess liability policy purchased by the board of education did not provide coverage of $850,000 for the amount of the claim exceeding $150,000 because the excess policy specifically excluded coverage for claims of negligent failure to supervise.

3. **Constitutional Law; Schools and Education— right to and liberty interest in education free from harm—adequate remedy at law**

    The trial court erred by denying defendant board of education's motion for summary judgment on plaintiff's constitutional

claim alleging a denial of plaintiff's right to and liberty interest in education free from harm arising from defendant's alleged negligence in failing to provide adequate protection for plaintiff from a fellow student, based on the fact that an adequate state remedy existed, because: (1) our Supreme Court used the term "adequate remedy" to mean "available, existing, and applicable remedy;" and (2) such a remedy is available here in the form of a common law negligence claim even though defendant board of education has sovereign immunity for such claim.

Judge BRYANT concurring in part and dissenting in part.

Appeal by defendant from an order entered 15 December 2006 by Judge Paul L. Jones in New Hanover County Superior Court. Heard in the Court of Appeals 5 June 2007.

*Bruce Robinson for plaintiff-appellee.*

*Hogue Hill Jones Nash & Lynch, LLP, by David A. Nash, for defendant-appellant New Hanover County Board of Education.*

HUNTER, Judge.

The New Hanover County Board of Education ("defendant" or "the Board") appeals from an order denying its motion for summary judgment. After careful review, we reverse.

Jon-Paul Craig ("plaintiff") is a 14-year-old mentally disabled boy. Beginning in sixth grade, he was enrolled in the mainstream school Roland Grise Middle School. In December 2003, he and his mother moved to a new home, putting plaintiff's placement in the school at risk due to transportation issues. Before this issue could be resolved, on 6 January 2004, plaintiff's mother, Kimberly Craig, was called by an assistant principal from Roland Grise and told there had been some " 'sexual experimentation' " between plaintiff and another boy in his class. The following day, the same assistant principal informed Ms. Craig that plaintiff was being suspended for ten days; eventually, defendant decided to deny him placement at Roland Grise for the remainder of the school year.

Plaintiff's mother and next friend, Ms. Craig, brought suit against defendant, making two claims: First, that plaintiff was denied his constitutional right to and liberty interest in education free from harm, and second, that defendant and its employees had negligently

CRAIG v. NEW HANOVER CTY. BD. OF EDUC.

[185 N.C. App. 651 (2007)]

allowed the assault to occur.[1] Defendant moved for summary judgment, and the trial court denied the motion. Defendant appeals that ruling.

**[1]** While denial of a summary judgment motion is interlocutory and thus ordinarily not appealable at this stage, because defendant is claiming sovereign immunity as a complete defense, it can immediately appeal the order per N.C. Gen. Stat. § 7A-27(d)(1) (2005). *See, e.g., Williams v. Scotland Cty.*, 167 N.C. App. 105, 106, 604 S.E.2d 334, 335 (2004) (holding that denial of a city's summary judgment motion constituted a "substantial right" for purposes of the statute), *disc. review denied*, 359 N.C. 327, 611 S.E.2d 168 (2005).

Defendant makes two arguments to this Court, each of which applies to only one of its claims: The argument that defendant has not waived its immunity to suit applies only to plaintiff's common-law negligence claim, and the argument that plaintiff has an adequate remedy at state law applies only to plaintiff's constitutional claim. We consider each argument in turn.

I.

**[2]** First, defendant argues that it has not waived its immunity to suit, including plaintiff's potential suit for common-law negligence, because its insurance policy does not cover the actions at issue. "A county or city board of education is a governmental agency and its employees are not ordinarily liable in a tort action unless the board has waived its sovereign immunity." *Herring v. Liner*, 163 N.C. App. 534, 537, 594 S.E.2d 117, 119 (2004) (citations omitted). This immunity may be waived if the conditions in N.C. Gen. Stat. § 115C-42 (2005) are met. That statute provides in pertinent part:

> Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, *but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort.*

---

1. Plaintiff also brought suit against the principal of the school, but this claim was dismissed by the trial court.

*Id.* (emphasis added). Both parties agree that defendant has purchased liability insurance: Defendant has $150,000.00 of indemnification through the North Carolina School Boards Trust ("NCSBT"), as well as $850,000.00 through Folksamerica Reinsurance Policy (both parties refer to this as the "excess insurance policy") for certain claims of negligence against defendant and its employees that exceed $150,000.00. Both parties agree, as do this Court's prior holdings, that the purchase of insurance through NCSBT does not constitute waiver because NCSBT does not qualify as liability insurance under the definition given in N.C. Gen. Stat. § 115C-42. *See, e.g., Ripellino v. N.C. School Bds. Ass'n,* 158 N.C. App. 423, 428, 581 S.E.2d 88, 92 (2003), *cert. denied,* 358 N.C. 156, 592 S.E.2d 694-95 (2004) (holding that a school board's participation in NCSBT did not qualify as a purchase of insurance per definition in N.C. Gen. Stat. § 115C-42); *Lucas v. Swain Cty. Bd. of Educ.,* 154 N.C. App. 357, 361-62, 573 S.E.2d 538, 540-41 (2002) (same); *Hallman v. Charlotte-Mecklenburg Bd. of Educ.,* 124 N.C. App. 435, 439, 477 S.E.2d 179, 181 (1996) (holding that a school board's participation in a risk management program similar to NCSBT did not constitute the purchase of liability insurance as defined by N.C. Gen. Stat. § 115C-42). As such, defendant has not waived immunity for the first $150,000.00 of coverage. Thus, we are concerned only with the terms of the excess insurance policy for the next $850,000.00.

Defendant states that the excess insurance policy excludes

> any Claim arising out of or in connection with: . . . (c) sexual acts, sexual molestation, sexual harassment, sexual assault, or sexual misconduct of any kind; or (d) acts of deliberate indifference. . . . The Excess Insurance (if any) does not provide coverage in any amount for Claims to which this exclusion applies, including[,] but not limited to[,] claims for negligent hiring, negligent retention and/or negligent supervision.

Thus, the issue before this Court is whether this policy covers the negligence claim that plaintiff would bring under state law. If it does, the Board has waived immunity, and plaintiff may continue the suit; if it does not, the Board has not waived immunity, and summary judgment must be granted in favor of the Board.

Plaintiff asserts that his claim "sounds in negligence because of the negligent failure to supervise." The negligent failure to supervise is explicitly excluded by the language above. In his argument to this

Court, plaintiff does not make an argument for any claim he might bring that would not fall under the exclusionary language above.

The dissent argues at length that sovereign immunity cannot bar a constitutional claim, which is indeed true; however, that is not the issue in this case. As explained above, our consideration of the Board's sovereign immunity applies only to plaintiff's common-law negligence claim.

From plaintiff's complaint and the plain language of the contract, it is clear that the policy excludes any claim plaintiff might bring against the Board, and as such, the Board has not waived immunity and the claim must fail.

II.

[3] Defendant next addresses the issue of whether an adequate state remedy exists. As mentioned above, plaintiff claims that defendant was negligent in failing to provide adequate protection for him from a fellow student, a claim that, under state law, is a common law negligence claim. Defendant argues that, because plaintiff has this adequate remedy under state law, he may not bring a constitutional claim. We agree.

A claim under our state constitution is available only "in the absence of an adequate state remedy." *Corum v. University of North Carolina*, 330 N.C. 761, 782, 413 S.E.2d 276, 289 (1992); *Phillips v. Gray*, 163 N.C. App. 52, 58, 592 S.E.2d 229, 233, *disc. review denied*, 358 N.C. 545, 599 S.E.2d 406 (2004). *See also Alt v. Parker*, 112 N.C. App. 307, 317, 435 S.E.2d 773, 779 (1993) ("one whose state constitutional rights have been offended has a direct action against governmental defendants who allegedly violated those rights, in their official capacities, '[i]n the absence of an adequate state remedy' ") (quoting *Corum*, 330 N.C. at 782, 413 S.E.2d at 289).

Plaintiff acknowledges this principle, but argues that this Court's opinion in *City-Wide Asphalt Paving, Inc. v. Alamance County*, 132 N.C. App. 533, 513 S.E.2d 335 (1999), supports his contention that he may pursue his suit pursuant to the constitution regardless of whether an adequate remedy at law exists:

We hold that the doctrine of sovereign immunity does not bar plaintiff's equal protection and due process claims. Defendant suggests that plaintiff should have filed suit to enjoin the contract or have it declared void. However, these remedies are equitable in

CRAIG v. NEW HANOVER CTY. BD. OF EDUC.

[185 N.C. App. 651 (2007)]

nature and do not provide plaintiff with an avenue to pursue *money* damages. Plaintiff's direct action against defendant pursuant to the North Carolina Constitution provides plaintiff's only adequate *legal* remedy. Plaintiff's direct constitutional action against defendant "completes his remedies."

*Id.* at 539, 513 S.E.2d at 339 (emphasis added) (quoting *Corum*, 330 N.C. at 789, 413 S.E.2d at 294).

However, this language is clearly re-emphasizing the reasoning of *Corum*, in which the Court used the phrase "completes his remedies" in explaining why it was necessary to allow the plaintiff to pursue suit against a defendant in both his official and individual capacities: Suit against the former could produce only equitable relief, and suit against the latter could produce only monetary damages. *Corum*, 330 N.C. at 789, 413 S.E.2d at 294. In *City-Wide*, the Court was again distinguishing between equitable and legal remedies.

Here, plaintiff's negligence claim is not an equitable remedy, and thus not covered by *Corum* or *City-Wide*. The claim would vindicate the same rights as the constitutional argument put forth by plaintiff— namely, his right to attend school without being harmed by classmates. *See, e.g., Alt*, 112 N.C. App. at 317-18, 435 S.E.2d at 779. While we agree with plaintiff's contention that such a remedy must, in the end, be fruitless because the state retains immunity to such a claim, we are bound by precedent on this point. *See id.*

The dissent argues that the statement in *Corum* that "in the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution" essentially means that, where the State has a defense against a state law claim, that claim cannot be considered an "adequate remedy." 330 N.C. at 782, 413 S.E.2d at 289. However, the term "adequate" in *Corum* is not used to mean "potentially successful." Just before the above-quoted statement in *Corum*, the Court quotes this from *Midgett v. Highway Commission*: " 'And where the Constitution points out no remedy and no statute affords an adequate remedy under a particular fact situation, the common law will furnish the appropriate action for adequate redress of such grievance.' " *Id.* (quoting *Midgett v. Highway Commission*, 260 N.C. 241, 249-50, 132 S.E.2d 599, 608 (1963)). Clearly, the Court is using "adequate remedy" to mean "available, existing, applicable remedy." Such a remedy is available here in the form of a common-law negligence claim.

### III. .

Because defendant's insurance policy does not cover the claims at issue here and thus does not deprive it of immunity, and because plaintiff has an adequate remedy at state law, we reverse the trial court's denial of defendant's summary judgment motion.

Reversed.

Judge WYNN concurs.

Judge BRYANT concurs in part and dissents in part by separate opinion.

BRYANT, Judge, concurring in part, dissenting in part.

I agree with the majority's holding that the trial court's denial of defendant's motion for summary judgment as to plaintiff's negligence claim must be reversed. However, because governmental immunity bars consideration of plaintiff's negligence claim and plaintiff does not have an adequate state remedy, I would affirm the trial court's denial of defendant's motion for summary judgment as to plaintiff's constitutional claims.

A claimant may bring a claim under the North Carolina Constitution "in the absence of an adequate state remedy" for the alleged wrong. *Corum v. University of North Carolina*, 330 N.C. 761, 782, 413 S.E.2d 276, 289 (1992), *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992). Defendant claims that a state remedy is "adequate" even if it is barred by the defense of sovereign immunity. I disagree.

The majority decision relies primarily on the holding in *Alt v. Parker*, 112 N.C. App. 307, 435 S.E.2d 773 (1993). In *Alt*, the plaintiff's constitutional due process claim and his claim for false imprisonment, which failed due to insufficiency of evidence, both originated from the same alleged wrongful conduct. *Id.* at 317-18, 435 S.E.2d at 778-79. This Court held that because the plaintiff's false imprisonment claim, if successful, would have compensated him, he had an adequate state remedy and therefore could not bring the constitutional claim. *Id.* The tort action in *Alt* did not fail because the defense of sovereign immunity was raised, but the false imprisonment claim failed because of insufficiency of evidence. *Id.* at 317, 435 S.E.2d at 778-79. In *Alt* this Court held that because the plaintiff's tort claim

would have compensated him if successful, the plaintiff had an "adequate state remedy." *Id.*

In the case *sub judice*, the merits of plaintiff's negligence claim are barred from consideration in our courts because of defendant's sovereign immunity defense. Accordingly, plaintiff does not have an "adequate state remedy" and may assert a constitutional claim. *Corum* at 782, 413 S.E.2d at 289. In reaching this conclusion, I find our Court's discussion in *Sanders v. State Personnel Commission* instructive:

> Defendants argue that if an adequate state remedy exists, then a constitutional claim is barred by sovereign immunity. This Court has, however, previously rejected precisely this contention: "[O]ur Supreme Court in *Corum* never links sovereign immunity and causes of action under the North Carolina Constitution in the manner defendants presume." *McClennahan v. N.C. Sch. of the Arts*, 177 N.C. App. 806, 808, 177 N.C. App. 806, 630 S.E.2d 197, 199 (2006), *disc. review denied*, 361 N.C. 220, 642 S.E.2d 443 (2007). As *McClennahan* holds, the defense of sovereign immunity is distinct from a defense asserting that a specific constitutional cause of action is barred by the existence of other adequate state remedies.

*Sanders v. State Pers. Comm'n*, 183 N.C. App. 15, 17, 644 S.E.2d 10, 12 (2007). Here, plaintiff asserts a separate and distinct cause of action based on the following sections of the North Carolina State Constitution: Article I, Section 15; Article I, Section 19; and Article IX, Section 1. Article I, Sections 15 and 19 are part of the Declaration of Rights, which are rights intended to protect citizens from those who wield the power of the State. *See Corum* at 783, 413 S.E.2d at 290. Section 15 protects the "right to the privilege of education," and Section 19 protects the right to "life, liberty, or property," as well as the right to "equal protection of the laws." N.C. Const. art. I, § 15; N.C. Const. art. I, § 19. Article IX, Section 1 states that "education shall forever be encouraged." N.C. Const. art. IX, § 1.

In *Corum*, our Supreme Court stated "[t]he very purpose of the Declaration of Rights is to ensure that the violation of these rights is never permitted by anyone who might be invested under the Constitution with the powers of the State." *Corum* at 783, 413 S.E.2d at 290. Given this purpose, a plaintiff must not be barred by the defense of sovereign immunity from asserting a common law claim *and also prevented* from asserting an alternative Constitutional

claim. *See Sanders* at 17, 644 S.E.2d at 12 ("In sum, sovereign immunity is not available as a defense to a claim brought directly under the state constitution."). A claim pursued under state law that does not have the possibility of succeeding on its own merits as a result of government immunity cannot be deemed "adequate." *See Corum* at 785-86, 413 S.E.2d at 291 ("The doctrine of sovereign immunity cannot stand as a barrier to North Carolina citizens who seek to remedy violations of their rights guaranteed by the Declaration of Rights."). Moreover, "when there is a clash between these constitutional rights and sovereign immunity, the constitutional rights must prevail." *Id.* at 786, 413 S.E.2d at 292.

Therefore, I respectfully dissent, as I would hold plaintiff's negligence claim is not an "adequate state remedy" and I would affirm the trial court's denial of defendant's motion for summary judgment as to plaintiff's constitutional claims.