IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1145

Filed 20 May 2026

Wake County, No. 23CV025504-910

VICKI L. BRITT, Plaintiff,

v.

WAKE COUNTY SHERIFF'S OFFICE and WILLIE ROWE in his official capacity as SHERIFF OF WAKE COUNTY and UNKNOWN SURETY COMPANY, as surety, Defendants.

Appeal by plaintiff from order entered 25 July 2025 by Judge Paul A. Holcombe III in Wake County Superior Court. Heard in the Court of Appeals 21 April 2026.

*Hairston Lane, PA, by Taylor C. Rosbrook, for plaintiff-appellant.*

*Wake County Sheriff's Office, by Deputy County Attorneys Vanessa C. Duncan, Melissa K. Walker, and Candace B. Marshall, for defendants-appellees.*

FLOOD, Judge.

Plaintiff Vicki Britt appeals from the trial court's order granting Defendants Wake County Sheriff's Office's and Sheriff Willie Rowe's motion to dismiss Plaintiff's lawsuit on the grounds of res judicata where Plaintiff had previously filed an action based on the same factual allegations. On appeal, Plaintiff argues the trial court erred by dismissing her new action on the grounds of res judicata because Plaintiff brought *Corum* claims. Upon careful review, we conclude the trial court properly dismissed Plaintiff's claims on the grounds of res judicata where Plaintiff could have brought her *Corum* claims in her original action.

## I. <u>Factual and Procedural Background</u>

Plaintiff was previously employed by Wake County Sheriff's Office ("WCSO") for approximately fourteen years as a Master Deputy Sheriff. In July 2020, Plaintiff submitted her notice of retirement, effective 1 December 2020. On 25 November 2020, nearing her retirement, Plaintiff sent an email to WCSO staff expressing her gratitude for the opportunity to have worked with everyone and "stating there are good times to come[.]" According to Plaintiff's complaint, she made this statement in reference to "the recent and ongoing plight of [l]aw [e]nforcement officers in the wake of George Floyd's death and the Covid-19 impact on the department."[1]

According to Plaintiff, then-Sheriff Baker took offense to this email and took adverse actions towards Plaintiff, removing her from her scheduled overtime and off-duty assignments during her last week of service without any "given rationale." Plaintiff further alleged that Sheriff Baker asked that Plaintiff return her patrol vehicle and equipment early and that she was "excluded from a customary retiree honors ceremony with Sheriff Baker."

In June 2021, Plaintiff brought an adverse employment action against Sheriff Baker in his individual and official capacity as Sheriff of Wake County, and Unknown Surety Company (the "First Action") in Wake County Superior Court, contending Sheriff Baker had discriminated and retaliated against her in violation of Title VII of

---

[1] A copy of the actual email was not included in the Record on Appeal, and all references of the email come from Plaintiff's complaint.

the Civil Rights Act. Sheriff Baker removed the First Action from Wake County Superior Court to the United States District Court for the Eastern District of North Carolina. The Court subsequently dismissed Plaintiff's claims, finding Plaintiff "failed to state facts sufficient to state a Title VII racial discrimination, disparate treatment, and retaliation claim."

On 13 September 2023, Plaintiff initiated another lawsuit by filing a new complaint against Defendants WCSO and Sheriff Willie Rowe[2] in his official capacity (the "Second Action") in Wake County Superior Court. Plaintiff brought two *Corum* claims—a violation of Section 1, Article 1 of the North Carolina Constitution, and a violation of Section 1, Article 19 of the North Carolina Constitution—and a claim for intentional infliction of emotional distress ("IIED"). Defendants moved to dismiss the Second Action pursuant to, *inter alia*, the doctrine of res judicata, arguing the factual allegations brought by Plaintiff in the Second Action were the same as the previous action.

The trial court agreed with Defendants, finding that "the 'Factual Allegations' in Plaintiff's Complaint in this case are almost a verbatim copy of the 'Factual Allegations' in Plaintiff's Complaint in the First Action." The trial court took judicial notice of Plaintiff's First Action, and concluded that, although Plaintiff brought new legal theories, these three new claims "involve the exact same alleged conduct and

---

[2] Sheriff Willie Rowe, as Sheriff Baker's successor, was automatically substituted as a public official pursuant to N.C. R. Civ. P. 25(f)(1) (2025).

same series of events" as her previous claims and thus dismissed Plaintiff's Second Action as barred on the grounds of res judicata. Plaintiff timely appealed.

## II. **Jurisdiction**

This Court has jurisdiction to review a final judgment from a superior court pursuant to N.C.G.S. § 7A-27(b)(1) (2023).

## III. **Standard of Review**

This Court reviews the granting of a motion to dismiss de novo. *Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679 (2022). "[U]nder de novo review, the appellate court as the reviewing court considers the Rule 12(b)(6) motion to dismiss anew: It freely substitutes its own assessment of whether the allegations of the complaint are sufficient to state a claim for the trial court's assessment." *Id.*

When considering a Rule 12(b)(6) motion to dismiss, the question is

> whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. We consider [the] plaintiff's complaint to determine whether, when liberally construed, it states enough to give the substantive elements of a legally recognized claim.

*Allred v. Cap. Area Soccer League, Inc.,* 194 N.C. App. 280, 282–83 (2008) (citations and internal quotation marks omitted).

## IV. <u>Analysis</u>

On appeal, Plaintiff argues the trial court erred by granting Defendants' motion to dismiss on the grounds of res judicata. Specifically, Plaintiff contends "res judicata cannot be applied to [the] *Corum* claims in this manner" as this undermines the very purpose of a *Corum* claim, which Plaintiff asserts is "to be brought only in the alternative, after no other adequate remedy is available." We disagree.

Claims of violations of rights granted by the North Carolina Constitution are known as "*Corum* claims." *See Corum v. Univ. of N.C.*, 330 N.C. 761, 783 (1992) (providing that "our common law guarantees [a] plaintiff a direct action under the State Constitution for alleged violations of his constitutional freedom"). "To ensure that every right does indeed have a remedy in our court system, *Corum* offers a common law cause of action when existing relief does not sufficiently redress a violation of a particular constitutional right." *Askew v. City of Kinston*, 386 N.C. 286, 293 (2024) (citation modified).

"The doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are companion doctrines which have been developed by the Courts 'for the dual purposes of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation.'" *Little v. Hamel*, 134 N.C. App. 485, 487 (1999) (quoting *Bockweg v. Anderson,* 333 N.C. 486, 491 (1993)). "Res judicata precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final

judgment on the merits in a prior action in a court of competent jurisdiction." *Id.*
(citing *Nw. Fin. Grp., Inc. v. Cnty. of Gaston,* 110 N.C. App. 531, 536 (1993)). "A
judgment operates as an estoppel not only as to all matters actually determined or
litigated in the proceeding, 'but also as to all relevant and material matters within
the scope of the proceeding which the parties, in the exercise of reasonable diligence,
could and should have brought forward for determination.'" *Id.* at 487–88 (quoting
*Rodgers Builders, Inc. v. McQueen,* 76 N.C. App. 16, 22 (1985)).

This Court has explained that, for res judicata to apply,

> a party must show that the previous suit resulted in a final
> judgment on the merits, that the same cause of action is
> involved, and that both the party asserting res judicata and
> the party against whom res judicata is asserted were either
> parties or stand in privity with parties.

*Doe 1K v. Roman Cath. Diocese of Charlotte*, 283 N.C. App. 171, 174 (2022) *aff'd*, 387
N.C. 12 (2025). Furthermore, we have explained that

> subsequent actions which attempt to proceed by asserting
> a new legal theory or by seeking a different remedy are
> prohibited under the principles of res judicata because the
> judgment in the former action or proceeding is conclusive
> in the latter not only as to all matters actually litigated and
> determined, but *also as to all matters which could properly
> have been litigated* and determined in the former action or
> proceeding. A party is required to bring forth the whole
> case at one time and will not be permitted to split the claim
> or divide the grounds for recovery.

*ACC Const., Inc. v. SunTrust Mortg., Inc.*, 239 N.C. App. 252, 262 (2015) (emphasis
added) (internal citations and quotation marks omitted); *see also Williams v.*

*Peabody*, 217 N.C. App. 1, 7 (2011) ("A party is required to bring forth the whole case at one time and will not be permitted to split the claim or divide the grounds for recovery; thus, a party will not be permitted, except in special circumstances, to reopen the subject of the . . . litigation with respect to matters which might have been brought forward in the previous proceeding. The defense of res judicata may not be avoided by shifting legal theories or asserting a new or different ground for relief." (internal citations and quotation marks omitted)).

Here, Plaintiff's *Corum* claims and IIED claim could have been "litigated and determined in the former action" as these claims are formed from the very same factual allegations asserted in the First Action and were mostly stated verbatim. *See ACC Const., Inc.*, 239 N.C. App. at 262.

Plaintiff, however, argues "[a] *Corum* claim is not a claim that should be tacked on to other causes of action . . . . Rather, it is available only when no other adequate remedy exists to redress the harm suffered by the plaintiff[,]" and "[b]ecause a *Corum* claim represents an extraordinary exercise of constitutional power, it should be invoked solely in those limited circumstances where no alternative remedy is available." Plaintiff contends that, had she "attempted to assert a *Corum* claim in the prior federal action, Defendants would almost certainly have argued that Title VII provided an adequate alternative remedy, warranting dismissal of the *Corum* claim

at the outset."[3]

Our courts, however, have recognized that *Corum* claims may be raised alongside other claims. In *Craig v. New Hanover County Board of Education,* the plaintiff brought four claims against the New Hanover County Board of Education and the principal at Roland Grise Middle School, in her official and individual capacity. 363 N.C. 334, 335 (2009). The first claim was for common law negligence, and the other three were *Corum* claims. *Id.* The Board moved for summary judgment, asserting the doctrine of sovereign immunity barred the plaintiff's action. *Id.* The trial court denied the Board's motion, but a divided panel of this Court reversed. *Id.* at 336 (citing *Craig ex rel. Craig v. New Hanover Cnty. Bd. of Educ.,* 185 N.C. App. 651, 654–55 (2007)). On appeal to the North Carolina Supreme Court, the Court agreed with the Court of Appeals' majority that the doctrine of sovereign immunity barred the plaintiff's claim of negligence, leaving the plaintiff without an adequate remedy. *Id.* at 342. Our Supreme Court, however, disagreed that the plaintiff's *Corum* claims were barred, as the plaintiff "should be allowed to bring claims directly under our State Constitution that will not be susceptible to an immunity defense" per *Corum*. *Id.* at 338. The Court explained

> [t]he practical effect of the Court of Appeals' holding otherwise would be to allow the doctrine of sovereign immunity to 'stand as a barrier to North Carolina citizens

---

[3] Notably, Plaintiff fails to mention that she brought the First Action in a *state* court, where she could have brought a state constitution claim, prior to Sheriff Baker removing the First Action to federal court.

who seek to remedy violations of their rights guaranteed
by the Declaration of Rights,' exactly contrary to our prior
holding in *Corum*.

*Id.* (quoting *Corum*, 330 N.C. at 785–86). "[T]o be considered adequate in redressing a constitutional wrong, a plaintiff must have at least the *opportunity* to enter the courthouse doors and present his claim." *Id.* at 339–40 (emphasis added). Thus, the Court reversed the Court of Appeals, affirmed the trial court's order denying the Board's motion for summary judgment, and remanded the case to proceed with litigation. *Id.* at 342.

*Craig* illustrates that even if a conventional claim is barred, a *Corum* claim in the same action may still survive. Our Supreme Court's intent is not that a *Corum* claim be brought as a collateral *revival* of a conventional claim that has already failed—not as an exception to the doctrine of res judicata—but as an alternative theory to the conventional claim in the *same* action. *See Williams*, 217 N.C. App. at 7 ("The defense of res judicata may not be avoided by shifting legal theories or asserting a new or different ground for relief." (citation omitted)).

Although Plaintiff sought to bring these *Corum* claims as a new legal ground for relief after losing her Title VII claim, her *Corum* claims could have been "litigated and determined in the former action," as they are formed from the very same factual allegations from the First Action filed in North Carolina state courts. We therefore conclude the trial court properly dismissed Plaintiff's Second Action on the grounds of res judicata. *See ACC Const., Inc.*, 239 N.C. App. at 262.

## V. **Conclusion**

Upon review, we conclude the trial court properly dismissed Plaintiff's claims on the grounds of res judicata where Plaintiff could have brought them in her original action, and the new claims were based on the same factual allegations as the former action.

AFFIRMED.

Judges ARROWOOD and HAMPSON concur.